# McDuffie & Sons *v.* Weeks.

## *Assumpsit.*

(Decided November.13, 1913.  63 South. 739.)

1. *Appeal and Error; Review; New Trial.*—Where the motion is that the verdict is contrary to the law and the evidence, the only question presented for review is whether or not the evidence is so decidedly against the verdict as to clearly convince the court that the verdict is wrong and unjust.

2. *Same.*—A verdict for the plaintiff will not be set aside on appeal on the ground that it was contrary to the law and the evidence where the evidence on the issue of payment is so nearly balanced as to be practically equal.

3. *Same; Objections; Necessity.*—An abuse of discretion in requiring the defendants to proceed with the trial when they were not ready cannot be reviewed where no objection thereto is shown to have been interposed.

4. *Same; Argument of Counsel.*—Where the bill of exceptions does not show that any objection was made during the trial to the argument of counsel or that the case was in fact argued by counsel at all, it cannot be reviewed on appeal.

5. *New Trial; Review; Surprise.*—Where defendant did not raise the question of surprise in the trial court by asking that the case be withdrawn and a continuance granted for that reason, an order denying a motion for new trial on the ground that plaintiff's testimony on the trial was a surprise to defendant, was proper and not reviewable.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by Minerva Weeks against B. P. McDuffie & Sons.  Judgment for plaintiff, and defendant appeals from an order of the court denying them a motion for new trial.  Affirmed.

C. D. CARMICHAEL, for appellant.  Counsel discuss the facts in the case, and insist that they were such as to require a setting aside of the verdict, and the granting of defendant's motion for new trial.

[McDuffie & Sons v. Weeks.]

W. O. MULKEY, for appellee. Counsel insists in the first place that no objections or exceptions were reserved on the original trial, and that the grounds of the motion presented nothing for review.

PELHAM, J.—The jury before whom the case was tried rendered a verdict in favor of the plaintiff, and the defendants made a motion for a new trial and appealed from the order overruling the motion. No exception is shown to have been reserved to any ruling of the court during the progress ·of the trial, and the grounds assigned in the motion for a new trial (five in number) in substance are: (1) The verdict is contrary to the law and the evidence; (2) the note sued on was paid before suit was brought; (3) the court erred in requiring the defendants to go to trial when not ready; (4) the plaintiff's testimony on the trial was a surprise to defendants; and (5) the jury was prejudiced by improper argument of plaintiff's counsel.

The first ground stated for the new trial, under the well-known rulings on that subject, presents no other question here on review of the trial court's order overruling the motion than a consideration of the evidence to see if, after allowing all reasonable presumptions in favor of the correctness of the verdict, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.

The controverted question of fact before the court and submitted to the jury for its determination was whether or not the note sued upon had been paid. The note was in the possession of the plaintiff bringing suit on it, and the evidence showing payment seems to be about equally balanced with the contrary evidence on that issue, so far as we are able to judge from the testi-

mony of the witnesses as set out in the bill of exceptions. Certainly it does not show such a preponderance of the evidence in support of the contention of payment as to meet the rule that would justify us in holding the lower court in error for refusing to set the verdict of the jury aside and grant a new trial on that account.—See *Cobb v. Malone & Collins,* 92 Ala. 630, 9 South. 738, which case has been repeatedly and universally followed on this proposition.

The second, third, fourth, and fifth grounds of the motion for a new trial all relate to matters occurring on the trial to which no objection is shown to have been made and can avail the appellants nothing on this appeal. The controverted question before the court was whether or not the note sued on was paid prior to the commencement of the suit, and the affidavits submitted in support of this ground are not brought within the rule as to newly discovered testimony.—*Newton L. & B. Co. v. Reeves,* 2 Ala. App. 411, 56 South. 255.

There is no abuse of discretion of the court shown in requiring defendants to go to trial, and no objection of defendants shown by the bill of exceptions to have been interposed to being put on trial. If the defendants were surprised by the evidence introduced going to show that the note had not been paid, it was incumbent on the defendants to make this fact known to the court during the progress of the trial and ask that the case be withdrawn from further consideration and a continuance granted for this reason.—*Hoskins v. Hight,* 95 Ala. 286, 11 South. 253. The bill of exceptions does not show that any claim of surprise was made during the progress of the trial, but, on the contrary, shows that the case was tried to a conclusion without objection on the very issue, and that issue alone, that is stated in this ground of the motion to have constituted a surprise.

The ground of the motion based on the argument of counsel is clearly without merit, as. it is not shown by the bill of exceptions that any objection was made to the argument of counsel on the trial, or that the case as a matter of fact was argued by counsel. The rulings of the trial court to which no objection was made or exception reserved on the trial, when exceptions are required to review such rulings, cannot be made the grounds of a motion for a new trial and error predicated on the ruling of the court in passing upon such grounds.— *Greek American Produce Co. v. L. & N. R. R. Co.*, 1 Ala. App. 272, 55 South. 455; *McLendon v. Bush*, 127 Ala. 470, 29 South. 56; *Stewart v. Guy*, 138 Ala. 176, 34 South. 1007.

We find no error in the record, and an affirmance must follow.

Affirmed.