110 So.2d 645

George BRANNON, d/b/a Brannon Motor Company,

v.

H. O. COLE and Marie Cole.

6 Div. 573.

Court of Appeals of Alabama.

March 31, 1959.

Posey & Posey, Haleyville, for appellant.

Elwood Rutledge, Haleyville, for appellees.

PRICE, Judge.

Plaintiff, Brannon Motor Company, sued defendants, H. O. Cole and Marie Cole, in detinue for recovery of an Oldsmobile car.

The plea was the general issue in short by consent, with leave to give in evidence any matter as if the same had been specially pleaded. The jury returned a verdict in favor of defendants. Plaintiff appeals.

The following statement of the facts is taken from appellant's brief:

"The plaintiff-appellant sold one Oldsmobile four-door sedan automobile with hydromatic drive to the appellee Marie Cole. The total price was $425.00. Another car was traded in, with a trade-in allowance of $300.00, leaving a balance of $125.00. A carrying charge of $7.50 was added, making a net unpaid balance of $132.50. To secure the payment of the net unpaid balance, the appellee Marie Cole executed a

mortgage on the Oldsmobile automobile to the plaintiff-appellant, in the sum of $132.-50, payable in installments of $12.50 every two weeks. H. O. Cole, husband of Marie Cole, was present when the transaction was closed.

"The appellee Marie Cole paid one installment of $12.50 on the mortgage. When the next installment was due, she complained to the plaintiff-appellee that the car was not the model the salesman represented it to be. The appellant offered an adjustment of $25.00 on the unpaid balance of the mortgage. The appellee Marie Cole accepted the adjustment of $25.00 and agreed to pay the remaining balance on the mortgage. She was given credit on the adjustment for model in the sum of $25.00. Thereafter, she paid two additional installments of $12.50 each, making a total of $62.50 paid on the mortgage (including the adjustment for model) and leaving an unpaid balance of $70.00.

"Later, default was made in the payment of the installments due on the mortgage, and the appellees attempted to trade the car to the appellant, without success. Default continuing, the appellant filed suit in detinue, made the necessary bond and affidavit, and a writ of detinue was issued. The defendant H. O. Cole filed a replevy bond to keep the Oldsmobile automobile. Marie Cole did not sign the bond.

"After suit was filed, one Chester Buckner went to the plaintiff and told him that Buckner had a *check* for $72.50 to pay the car off. The appellant told Buckner that the case would have to be settled with the appellant's attorney, Wayne H. Weaver, since the case was in court. Buckner did not make any offer to pay the check to Wayne H. Weaver. H. O. Cole still had possession of the automobile at the time of the trial. It was undisputed that Marie Cole owed a balance of $70.00 (exclusive of interest) on the mortgage at the time suit was filed and at the time of the trial."

Defendant H. O. Cole testified he was present when the Oldsmobile was pur-

chased; that at the time of the trade the salesman said he thought it was a '48 or '49 model; that he never offered to return the car to Mr. Brannon, but did offer to return it to the salesman. He stated: "I told him over there when I was trying to trade with them I found out it wasn't what we traded for and tried to trade it for something else," but the salesman said Mr. Brannon said he wouldn't have it back on the lot.

Marie Cole testified she found out about two weeks after she purchased the car that it was not as represented to her. At that time she was in the hospital, and did not go back to see plaintiff until the latter part of June. She did not offer to return the car. She was not at home when the writ was served in this case and she didn't sign the bond.

■ To recover in an action of detinue, a plaintiff must show that at the commencement of the action he had a general or special property in the chattel sued for, a right to immediate possession, and that defendants had possession. Hooper v. Britt, 35 Ala.App. 612, 51 So.2d 547; Ryall v. Pearsall Bros., 148 Ala. 668, 41 So. 673; Snead v. Wells, 36 Ala.App. 524, 60 So. 2d 299.

The evidence is without dispute that Marie Cole was in default in the payment of the installments on the contract of sale, therefore, the plaintiff had a general or special property in the automobile, and was entitled to its immediate possession.

■ No brief has been filed for appellees, but the evidence clearly shows that the theory of the defense was a challenge of plaintiff's right of possession because of a rescission of the contract of sale and a tender of the automobile to plaintiff. In 17 C.J.S. Contracts § 485 p. 989, it is said: "A tender by a stranger to the contract is invalid."

■ H. O. Cole was not a party to the contract and it does not appear from the evidence that he acted as the authorized agent of his wife. "There is no presumption of law that the husband has authority to act on behalf of the wife." 41 C.J.S. Husband and Wife § 70 p. 547. See also Goldfield v. Brewbaker Motors, 36 Ala. App. 152, 54 So.2d 797, as to wife's authority to act as agent for her husband. There is no evidence tending to show a rescission of the contract by Marie Cole, the purchaser of the car.

■ In Vaught v. Wellborn, 16 Ala. 377 the court said, "the wife by her unauthorized act, done wholly without the privity of the husband, has no power to rescind his contracts, any more than she has to make contracts for him." The same general rules apply in the case of a husband acting on behalf of his wife.

■ The evidence also shows that after suit was filed a check in payment of the automobile was tendered to plaintiff. A tender must include everything to which the other party is entitled and a tender of any less sum is ineffective. If a creditor has become entitled to costs by reason of commencement of an action a tender exclusive of such costs is insufficient. Smith v. Anders, 21 Ala. 782; 52 Am.Jur., Tender, Sec. 22 p. 230.

The plaintiff was entitled to the general affirmative charge or, failing this, the motion for a new trial should have been granted.

Reversed and remanded.