231 So.2d 878

**STATE of Alabama**

**v.**

**C. D. McDANIEL and wife, Bertie Lois Mc-
Daniel, Mary Lois Hearn and hus-
band, Harvey H. Hearn.**

**7 Div. 823.**

Supreme Court of Alabama.

Feb. 19, 1970.

James C. Stivender, Special Asst. Atty. Gen., Gadsden, for the State.

**312**

Pritchard, McCall & Jones, Birmingham, for appellees.

HARWOOD, Justice.

This is an appeal from a judgment in a condemnation case awarding damages in the amount of $2,675 to the landowners, who are the appellees here.

In the trial below it was agreed that the only question to be determined was the amount of damages to the appellees.

One witness for the appellant gave testimony to the effect that damages to the appellees' land resulting from the condemnation of a portion thereof was $750.00. Two witnesses, and one of the appellees placed the damage in a range from $5,000 to $8,500.

At the outset of this review we are met with the strenuous contentions of counsel for the appellees that the appellant's assignments of error are insufficient to invite review. We must perforce dispose of such threshold question.

Assignments of error 1 and 2, are as follows:

"1. The Circuit Court erred in allowing the defendants' appraisers, Messrs. Clarence Hill and Harold Mayo, to testify as to the value of the property as commercial property when, in fact, at the time of the taking, February 14, 1966, the property was zoned residential.

"2. The lower court erred in allowing Mr. Clarence Hill to testify to the value of the property as of February 14, 1966, when, by his own admission, he did not see the property in question for appraisal purposes until December 2, 1967."

In an appeal an assignment of error takes the place of a declaration or bill in a suit in a lower court. Its purpose is to inform the appellate court of the precise error relied on. If an assignment of error does not succinctly point out

the error complained of with precision and clearness it will not be considered. Christ v. Spizman, 33 Ala.App. 586, 35 So.2d 568, and cases cited therein.

■ Assignments of error 1 and 2 are faulty and cannot invite our review, in that the questions asked are not set forth, or shown, nor does either assignment show an invocation of a ruling by the court in response to any objection to any question, or that any objection was even interposed. See Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308; Morris v. Yancey, 272 Ala. 549, 132 So.2d 754; McClendon v. State, 278 Ala. 678, 180 So.2d 273.

■ Assignment of error 3 is that the trial court erred in overruling appellant's motion for a new trial on some 19 grounds of the motion which are specified and set forth in the assignment of error.

Such assignment is sufficient to invite review of any ground of the motion for a new trial which has been stated with sufficient definiteness to direct the court's attention to the alleged erroneous ruling, provided of course that such properly stated ground is brought forth and adequately argued in brief. Lonnie Russell Ford Inc. v. Mitchell, 279 Ala. 340, 185 So.2d 132; Cook v. Sweatt, 282 Ala. 177, 209 So.2d 891; Tucker v. Cox, 282 Ala. 489, 213 So.2d 222.

Under assignment of error 3, counsel for appellant has joined for argument and grouped various grounds of the motion for a new trial under alphabetical divisions.

Under paragraph (b) of his argument counsel states:

"(b) The trial court erred in refusing to grant the motion for a new trial based on the grounds that the Decree of the Court and the jury's verdict, relating to damages and compensation, was against the law and the evidence in the case (grounds 2, 3, 7, 11, 14)."

■ Ground 2 states that the verdict is contrary to the law in the case, while ground 11 states the decree is contrary to the law of the case "relating to damages and compensation to be awarded the defendants." These grounds are too general to invite review. Atlantic Coast Line R. Co. v. Burkett, 207 Ala. 344, 92 So. 456; State v. Boone, 276 Ala. 16, 158 So.2d 658; Danley v. Marshall Lumber & Mill Co., 277 Ala. 551, 173 So.2d 94.

■ Ground 3 of the motion for a new trial asserts the verdict is contrary to the evidence and the law in the case, and ground 7 is to the same import. Ground 14 states the decree is contrary to the law and the evidence in the case "relating to damages and compensation to be awarded the defendants." Thus grounds 3, 7, and 14 asserting that the verdict, or the decree, is contrary to both the law and the evidence in effect present no other question than a consideration of the evidence to see if, after allowing all reasonable presumptions in favor of the verdict, and the court's action overruling the motion for a new trial, the preponderance of the evidence against the verdict and judgment is so decided as to clearly convince us that it is wrong and unjust. McDuffie and Sons v. Weeks, 9 Ala.App. 282, 63 So. 739; State v. Boone, supra.

The posture and manner in which grounds 2, 3, 7, 11, and 14 have been presented in brief renders them unavailing to the appellant.

However, the appellant has in paragraph (a) of his brief raised the question of the measure of evidence to support the verdict and judgment. Paragraph (a) in appellant's brief states:

"(a) That the verdict of the jury in (sic) the Decree of the Court was contrary to the evidence in the case. (Grounds 1, 4, 5, 6, 12, and 13.)"

As stated in Dean v. Mayes, 274 Ala. 88, 145 So.2d 439:

"Verdicts are presumed to be correct and no ground of a new trial is more

carefully scrutinized or more rigidly limited than that the verdict is against the weight of the evidence; and when the presiding judge refuses to grant a new trial, the presumption in favor of the correctness of the verdict is strengthened. (citing cases) A verdict is not to be set aside merely because it may not correspond with the opinion of the court as to the weight of the testimony, or because it is against the mere preponderance of the evidence. (citing cases) Where there is evidence which, if believed, justified the verdict, the motion for a new trial is properly overruled. (Citing cases)."

■ Suffice to say that the appellees' witness Mayo testified that as residential property appellees' land had been damaged by the condemnation to the amount of $4,083. This in itself would support the verdict and judgment.

Paragraph (c) of appellant's argument under assignment of error 3, asserts error on the part of the court below in giving to the jury at the appellees' request written charges 1 and 2, which are of the same legal tenor, asserted as error in grounds 15 and 16 of the motions for a new trial. These grounds are argued jointly.

Charge 1 reads:

"The Court charges the jury that if they are reasonably satisfied from all the evidence that the highest and best use of the land of the defendants condemned in this suit, was as business property; then the jury may value the property of the defendants condemned as business property in their deliberation as to the amount of damages the defendants are entitled to in this suit."

There was evidence presented below to the effect that the highest and best use of the appellees' remaining land would be commercial, and that such land was undesirable for residential purposes prior to the condemnation. At the time of the petition for condemnation the land in question was zoned residential.

■ It is relevant to inquire into the various elements of value, such as the uses to which the property is adapted, although not presently so used, if it appears that such prospective use affects the present market value of the land. Blount County v. McPherson, 268 Ala. 133, 105 So.2d 117.

■ Where there is a possibility, or probability that a zoning restriction may in the future be repealed or amended so as to permit a different use, such prospect may be considered if it is sufficiently likely as to have an appreciable influence upon the value of the land. See Nichols on Eminent Domain, Vol. 4, Sec. 12.322, cited with approval in Sayers v. City of Mobile, 276 Ala. 589, 165 So.2d 371, 9 A.L.R.3d 283.

■ It is to be noted that Mr. Held, the expert witness for the appellant, testified that prior to the condemnation the suit property had little value for residential purposes, yet his valuation of damages was based on use of the property for residential purposes only. Mr. Held further testified that the property to the rear and side of the appellees' property had been purchased for development of a shopping center, that a grocery store and filling station was across the street, and that the suit property faced on a four lane thoroughfare. Such evidence presents a reasonable possibility of rezoning of the suit property.

Under the facts adduced it would appear that the court committed no error in giving appellees' requested charges 1 and 2.

■ In paragraph (d) of his argument under assignment of error 3, counsel for appellant jointly argues as error the court's refusal of appellant's requested written charges 14 and 15. These charges are to the effect that the appellees were not entitled to any increased value of their

land resulting from enhancement of the value of the land because of the construction of the new highway.

The legal principle sought to be enunciated in these charges was adequately covered in the oral instructions of the court. No error to reversal can therefore be predicated upon the refusal of these charges.

Appellant's assignment of error 4 reads:

"The amount of damages and compensation awarded defendants was excessive."

This assignment cannot be considered in that it is not predicated on any ruling by the court. Birmingham Loan Co. v. Klinner, 39 Ala.App. 125, 95 So.2d 402; Central of Georgia Ry. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290.

An affirmance of this judgment is due to be, and hereby is, ordered.

Affirmed.

LAWSON, SIMPSON, MERRILL and MADDOX, JJ., concur.