239 So.2d 895

**CONNECTICUT GENERAL LIFE INSUR-ANCE COMPANY, a Corporation**

v.

**R. C. CARTER.**

**8 Div. 33.**

Court of Civil Appeals of Alabama.

Oct. 7, 1970.

---

* Similar orders were entered in 3 Div. 8–A and 3 Div. 8–B.

Almon & McAlister, Sheffield, for ap-
lant.

224

No brief from appellee.

BRADLEY, Judge.

This is an appeal from a judgment entered on a jury verdict in a suit on a group life insurance policy.

Suit was commenced in this case as a result of a complaint being filed by appellee, R. C. Carter, against appellant, Connecticut General Life Insurance Company, in the Circuit Court of Colbert County, Alabama.

Appellant filed a plea of the general issue and a plea alleging that at the time of his death, the insured, Troy Carter, was over 19 years of age, and was, therefore, not a dependent within the definition set out in the policy sued upon.

At the conclusion of the testimony the appellant requested the general affirmative charge with hypothesis. The court refused and the jury returned a verdict for appellee and assessed his damages at $1,000.00.

Thereafter, appellant filed a motion for a new trial which was overruled and disallowed. Hence an appeal was taken to this court to determine whether the deceased son of appellee was a "dependent" within the definition set out in the policy of insurance sued upon.

Appellant makes four assignments of error in his appeal. Assignments of error three and four, however, are not argued by appellant in brief and are deemed waived, and will not be considered by the court. Rule 9(d), Supreme Court Rules. Therefore, there are but two assignments of error to be considered by this court on appeal, that being assignments of error one and two.

Assignment of error number one is to the effect that the trial court erred in overruling and denying appellant's motion for a new trial. There are nine grounds assigned in the motion for a new trial.

■ An assignment of error that the trial court improperly refused to grant a new trial only justifies consideration of any ground stated with sufficient definiteness to direct the court's attention to the alleged erroneous ruling, and the court may consider any ground of the motion which is clear and adequately argued in brief by appellant. Title 7, Section 764, Code of Alabama 1940, as Recompiled 1958; Popwell v. Shelby County, 272 Ala. 287, 130 So.2d 170.

Grounds numbered two, four, five, six, seven and eight under the above rule are not to be considered on appeal, as they are not argued in brief by appellant. This leaves grounds one, three and nine for consideration.

■ Ground three of the motion for a new trial can be quickly disposed of as it is too general for consideration. It simply states:

"For that the verdict of the jury is contrary to the law in this case."

It has often been stated that when the ground for a motion for a new trial is that the verdict is contrary to the law, a general assignment has been made and will be disregarded; the respects in which the verdict is contrary to the law should be specified. Dollar v. McKinney, 267 Ala. 627, 103 So.2d 785; Waldrop v. Langham, 260 Ala. 82, 69 So.2d 440.

The next ground to be considered is ground number one. It is to the effect that the verdict of the jury is contrary to the great weight and preponderance of the evidence in this case. Such a ground requires this court to consider the evidence to see if, allowing all reasonable presumptions in favor of the correctness of the verdict, the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. McDuffie & Sons v. Weeks, 9 Ala.App. 282, 63 So. 739.

There is no dispute in the evidence. It consisted of pertinent features of the group policy of life insurance which was the basis of the suit, and the certificate of insurance issued to the appellee as well as proof of the fact that appellee's deceased son was nineteen years, four months and twelve days old at the time of his death.

The evidence shows that appellant issued three group policies of insurance to appellee's employer. One group policy, number 32343–01, the one with which we are concerned here, was for life insurance. Another policy, number 32343–03, was for comprehensive medical expense benefits; and the third policy, number 32343–02, was for accidental death and dismemberment.

The evidence further shows that the group life insurance policy issued to appellee's employer contains the following definition of a dependent eligible for life insurance coverage:

"The term 'dependent' shall mean * * such of the employee's children as are over fourteen days of age but under nineteen years of age and unmarried; * * *."

Under the terms of the group life insurance policy a certificate of insurance was issued to the policyholder employer and in turn issued to the appellee.

The certificate of insurance stated as follows:

"DEFINITION OF DEPENDENT

"(Applicable only to Group Life Insurance for Dependents)

"The term 'dependent' as used in this certificate means * * * (b) children of the employee who are over 14 days of age but under 19 years of age and unmarried; excluding any individual qualifying as an employee.
*      *      *      *      *      *

"DEFINITION OF DEPENDENT

"The term 'dependent' as used in this certificate means * * * (c) such of the employee's children as are 19 years of age or over but under 23 years of age and unmarried and are enrolled as full-time students * * *."

The certificate of insurance also says that it is, "subject to the terms of those policies * * *."

The certificate finally states that it:

"* * * will in no way void any of the terms and conditions contained in the group insurance policies. * * *"

The master policy issued to the employer, on the other hand, provides:

"This certificate will in no way void any of the terms and conditions outlined in the policy but will show the insurance protection to which the employee is entitled * * *."

The master policy further states:

"The policy and the application of the Employer, copy of which is attached to and made a part of this policy, and the applications of the employees, if any, shall constitute the entire contract between the parties. * * *

"The rights of the Employer or any employee or Beneficiary shall not be affected by any provision other than one contained in the policy * * *, or in the copy of application of the Employer * * or in the individual applications of the employees, if any."

Appellee contends that the second definition of "dependent" quoted above and found in the certificate is binding on the appellant and entitles the appellee to recover. In reply, appellant contends that the second definition of "dependent" applies only to the coverage of the other group policies and not to the group life insurance.

To support his argument, appellant cites us to the case of White v. Massachusetts Mut. Life Ins. Co., 275 Ala. 581, 157 So.2d 6.

In *White,* supra, a group life insurance policy was issued by appellee to a Mr. White, the husband of the appellant. The master policy was amended raising the amount of coverage. There was also issued a certificate of insurance. This certificate, however, did not coincide with the amendment to the master policy in that the certificate lacked a provision contained in the master policy.

Nevertheless the court in *White,* supra, stated:

"While a certificate issued by the insurer to the employer to be furnished to the employee as evidence of his insurance benefits is not to be ignored in construing the contract, the terms of the master policy are to govern unless the terms of the certificate contradict those of the master policy on a material point to such an extent as to silence the inquiry. Page v. Prudential Insurance Co. of America, 231 Ala. 405, 165 So. 388."

The master policy in the case at bar, as in *White,* supra, provides that the application of the employer and the individual applications, if any, of the employees shall constitute the entire contract. The certificate is therefore not an included instrument constituting the contract. Further, as stated, this certificate specifies that it was subject to all of the provisions of the policy just as was the certificate in *White,* supra.

In addition the case of All States Life Ins. Co. v. Tillman, 226 Ala. 245, 146 So. 393, states:

"Thus this group policy defines what shall constitute the entire contract. It wholly omits the individual certificates to the employee as a part of the contract. While it is contemplated the employee shall have such certificate as evidence of his inclusion in the coverage of the group insurance, the certificate is issued to the employer, and the rights of the employee would not be affected, if it never reaches him. * * *"

■ It is settled in Alabama that a motion for a new trial must be granted if the finding of the jury is contrary to the great weight of the evidence (or the facts established by the great weight of the evidence). Title 7, Sections 276 and 764, Code of Alabama 1940, as Recompiled 1958; Dees v. Lindsey Mill Co., 210 Ala. 183, 97 So. 647.

■ It is also the rule that where the verdict is contrary to the general preponderance of the evidence, defendant, on due motion, is entitled to a new trial, though the court was not in error in declining the affirmative charge. The scintilla of evidence rule does not apply as to the ruling on the motion. Koonce v. Craft, 234 Ala. 278, 174 So. 478; Commonwealth Life Ins. Co. v. Brandon, 232 Ala. 265, 167 So. 723.

■ The evidence reveals that although the certificate of insurance issued to appellee contains two different definitions of "dependent," it is clearly pointed out that the first definition is, "Applicable only to Group Life Insurance for Dependents." At most, there is a conflict in definitions in the certificate of insurance as it is not explicitly stated in the certificate that the second definition does not apply to group life insurance. This "conflict" however, falls short of the necessary contradiction on a material point as set out in *White,* supra.

There was, therefore, error in overruling appellant's motion for a new trial on the ground that the verdict of the jury was

contrary to the great weight and preponderance of the evidence in this case.

The final ground under assignment of error one is the ninth ground, which states that the trial court erred in refusing to give the following written charge:

"The court charges you gentlemen of the jury, that if you believe the evidence in this case, your verdict shall be for the defendant."

Assignment of error two can be considered along with ground nine as it relates to the trial court's refusal to give the same charge. The argument made in support of these assignments is that the only question in this case was one for the court and not the jury, and therefore, the general affirmative charge with hypothesis should have been given.

We cannot agree with this contention because the jury had to consider the certificate and the master policy and determine whether there was a contradiction on a material point to such an extent as to silence the inquiry.

 There being this jury question, these assignments of error are without merit, because the scintilla evidence rule is in effect in Alabama and the general affirmative charge should not be given where there is the slightest evidence tending to prove a right of recovery. Dean v. Mayes, 274 Ala. 88, 145 So.2d 439; Birmingham Electric Co. v. Freeman, 32 Ala.App. 479, 27 So.2d 231; Alabama Great Southern R. Co. v. Bishop, 265 Ala. 118, 89 So.2d 738, 64 A.L.R.2d 1190; Chesser v. Williams, 268 Ala. 57, 104 So.2d 918.

Because there was error in denying appellant's motion for a new trial on the ground that the verdict was contrary to the great weight and preponderance of the evidence, this cause is reversed and remanded for a new trial.

Reversed and remanded.