279 So.2d 137

**GALLEON INDUSTRIES, INCORPORATED
and Central Bank and Trust Company, Incorporated,**

v.

**LEWYN MACHINERY COMPANY, INC.
Civ. 47.**

Court of Civil Appeals of Alabama.

March 28, 1973.

Rehearing Denied April 18, 1973.

Engel & Hairston, Birmingham, for appellants.

Fred Blanton, Birmingham, for appellee.

WRIGHT, Presiding Judge.

Galleon Industries, Incorporated, and Central Bank and Trust Company, Incorporated, were defendants below in an action in detinue. From a verdict and judgment in favor of plaintiff for the property sued for, after denial of motion for new trial, defendants each have appealed.

■ Appellant Galleon assigns as error the overruling of its motion for new trial. Such assignment is a vicarious assignment of every well stated ground of the motion which is adequately brought forth and argued in brief. Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37. The grounds of the motion for new trial presented and argued in bulk in appellant's brief are that the verdict was contrary to the law and the facts, and the judgment was not sustained by the perponderance of the evidence.

Appellee has cited to us decisions of the Supreme Court of this State stating that when assignments of error are argued in bulk, if any one of them is without merit, the others are not to be considered. Cases cited are Aircraft Sales & Service, Inc. v. Gantt, 255 Ala. 508, 52 So.2d 388; Louisville & Nashville R. Co. v. State, 276 Ala. 99, 159 So.2d 458. We do not consider either of these cited cases authority for the proposition as stated by appellee.

■ The more proper proposition is that if unrelated assignments are argued in bulk and one assignment is not well taken, review of the remaining assignments will not be taken. Andrews v. May, 277 Ala. 248, 168 So.2d 619; State v. Selma Foundry & Mach. Co., 276 Ala. 161, 160 So.2d 1. When assignments of error are so related as to present a single question, it is proper to group them for argument, and rule that if unrelated assignments are argued in bulk and one assignment is not well taken, re-

view of the remaining assignments may be pretermitted, will not be invoked. Auto-Owners Ins. Co. v. Stokes, 284 Ala. 537, 226 So.2d 320; Commercial Union Ins. Co. of New York v. Security General Ins. Co., 282 Ala. 344, 211 So.2d 477; Southern Electric Generating Co. v. Lance, 269 Ala. 25, 110 So.2d 627.

We consider the grounds of the motion for new trial argued in brief to relate to a kindred question, that is, that the evidence affirmatively showed that at the time the suit in detinue was filed possession of the property was not in defendant Galleon.

■ Though the ground that the verdict is contrary to law has been held to be too general to require consideration on appeal, it has been held that a ground in the motion for new trial that the verdict and judgment is contrary to law and the great weight and preponderance of the evidence requires the reviewing court to consider the evidence to determine if, after allowing all reasonable presumptions in favor thereof, the evidence is so against the verdict as to convince the court that it is wrong and unjust. McDuffie & Sons v. Weeks, 9 Ala.App. 282, 63 So. 739; Connecticut General Life Ins. Co. v. Carter, 46 Ala. App. 222, 239 So.2d 895; State v. McDaniel, 285 Ala. 310, 231 So.2d 878.

■ Defendant Galleon filed a disclaimer and issue was joined thereon as provided by Title 7, § 935, Code 1940. Thus the burden of showing possession by Galleon of the property sued for at the commencement of the suit was upon plaintiff. Plaintiff failed to carry this burden, as the evidence was that possession was in Central under foreclosure of a security interest at the beginning of suit. We can arrive at no other conclusion than that the state of the evidence is not merely insufficient to show possession of the property sought to be recovered in Galleon, but rather affirmatively shows possession in another at the commencement of suit. Therefore the verdict and judgment for the property sued for against Galleon is

contrary to law and the evidence, and has no foundation in the evidence. Such judgment must be set aside on appeal. State v. McDaniel, supra.

The judgment against appellant Galleon is reversed and remanded.

We come now to consider the appeal of defendant, Central Bank and Trust Company.

The facts giving rise to plaintiff's suit are generally as follows: A representative of Lewyn Machinery Company, with offices in Atlanta, Georgia, came to the place of business of Galleon Industries in Pell City, Alabama, and discussed the sale by Lewyn and purchase by Galleon of certain items of equipment. A decision was made as to the items to be purchased subject to arrangement of financing. Upon investigation of Galleon's credit standing, Lewyn notified Galleon that no credit could be extended and that the items could be purchased for cash at Lewyn's office in Atlanta and delivered to Galleon there. Galleon subsequently went to Lewyn's office in Atlanta, paid cash, and accepted delivery of all items except one. This one item was a machine which Lewyn did not have on hand, but which was to be obtained by them from the manufacturer, J. M. Lancaster, located in North Carolina. Galleon was informed that when the machine was received by Lewyn he could return to Atlanta, pay cash, and accept delivery. The price was to be $2800.00. Through mistake or misunderstanding, the machine was subsequently shipped by the manufacturer, Lancaster, directly to Galleon in Pell City. Lancaster notified Lewyn of the shipment. Lewyn then sent to Galleon an invoice on the machine stating thereon the terms of "net 30 days." Shipment by Lancaster to Galleon was shown to be June 22, 1970. Lewyn's invoice was dated the same day. Actual receipt of the machine by Galleon was apparently about July 5, 1970.

On November 21, 1969, a security agreement had been entered into by Galleon with Central Bank & Trust Company.

This agreement included as collateral all equipment and inventory owned or to be thereafter acquired by Galleon. A financing statement was filed thereon on December 1, 1969. On July 13, 1970, the loan of Central being in default, Central foreclosed its security agreement and took possession of Galleon's property, including the machine which is the subject of this suit.

Appellee's testimony was that after notice of shipment by Lancaster to Galleon, Galleon was contacted by phone at least twice and a check for the machine was requested. Such check was promised but did not arrive. After several days the owner of Lewyn Machinery Company came to Pell City and learned of the taking of possession by Central. He retained counsel and brought suit in detinue against Galleon and Central.

■ For a plaintiff to recover in detinue he must show that at the commencement of the action he had a general or special property in the goods sued for, the right to immediate possession of the goods, and that the defendant had possession of the property. Brannon v. Cole, 40 Ala. App. 222, 110 So.2d 645.

Appellant has first assigned as error the failure of the trial court to give the jury its written requested affirmative charge. To determine if such failure constituted error to reverse we must apply to the evidence the provisions of the Uniform Commercial Code of this State.

Plaintiff, Lewyn, presented his case on the theory that title to the machine did not pass to Galleon until it had been paid for and since Galleon never paid, the title, and thus the right to possession, remained in Lewyn. We consider that the vesting of rights, as required under § 9–204 of the Uniform Commercial Code, and not the passing of title (§ 2–401) is the question to be determined on this appeal. The provisions of § 2–401 are explicitly subject to the provisions of Article 9—therefore, the question being the effect of Central's after-acquired property clause, we will limit our discussion to whether or not sufficient rights did in fact vest in the buyer Galleon, for Central's perfected security interest to attach.

■ It is without dispute in the evidence that the machine was shipped by the manufacturer to the buyer, Galleon. Lewyn stated that such shipment was by mistake, and that it was orally agreed between Galleon and Lewyn that delivery was not to be made except upon payment. However, after receiving notice of the shipment Lewyn sent to Galleon an invoice requiring payment "net in 30 days." Thus any prior agreement as to delivery and payment was modified or waived by Lewyn and Galleon became a credit buyer. We do not decide here the application of § 2–201, the Statute of Frauds, to the sales agreement. The effect of delivery, together with the invoice, was to limit any retention of rights or title to an explicit security agreement subject to the provisions of Article 9 of the Uniform Commercial Code as to perfection and priority. Harney v. Spellman, 113 Ill.App.2d 463, 251 N.E.2d 265; Section 2–401, Title 7A, Code 1940, recompiled.

Section 9–202 states "Each provision of this Article with regards to rights, obligations or remedies applies whether title to collateral is in the secured party or in the debtor." It is stated in Anderson, Uniform Commercial Code, 2d Edition, Volume 2, page 26: "If it is the desire of the parties to effect a reservation of title until the purchase price be paid, a secured transaction should be entered into and a proper filing made if required to protect the creditor's interest as against third persons."

■ Section 9–204 provides for a security agreement covering after-acquired property such as that held by Central. This section also provides the manner in which such security interest shall attach. In the case of the security interest of Central, it attached when the debtor, Galleon, acquired "rights" in the collateral covered by the security agreement. As we

have previously stated, the delivery of the machine and the forwarding of the invoice stating "net 30 days" made Galleon a credit buyer. A credit buyer acquires "rights" in the property when possession is received from the seller. Re Ten Brock, 4 UCCR 712.

Lewyn, if retaining title until payment, by delivery to a credit buyer reserved only a purchase money security interest, such security interest was never perfected by filing as required by § 9–302. Lewyn could have perfected its purchase money security interest and received priority over the perfected security interest of Central by filing a financing statement at the time of delivery, or within 10 days thereafter. Section 9–312(4). According to the evidence, Lewyn learned of the foreclosure and taking of possession by Central eight days after delivery to Galleon. There still remained two days for perfection of its security interest by filing a financing statement. Such filing would have given it priority over the perfected security interest of Central. Section 9–312(4).

 Since sufficient "rights" had passed to Galleon by delivery and the sending of the invoice, the requirements of Section 9–204 were satisfied and the security interest of Central attached to the machine. The failure of Lewyn to perfect its security interest by filing within 10 days after delivery gave Central priority. Thus at the time of the filing of the suit in dentinue, Central had a superior right to possession.

We reject the argument of appellee that use of the term "equipment" in the after-acquired property clause of Central's security agreement is insufficient to include the machine involved. Under the evidence there is no question that the machine involved was to be used in the business of Galleon, and was placed within the premises as equipment. The sufficiency of a description in a financing statement is measured in terms of notice. Does the designation of "equipment now owned or hereafter acquired" give notice to a seller of a machine to be installed on the premises of an operating business and used in production that it is subject or likely to be subject to a perfected security interest? We hold it does. United States v. Antenna Systems, Inc., D.C., 251 F.Supp. 1013; Security Bank & Trust Co. v. Blaze Oil Co., Wyo., 463 P.2d 495. Also see UCC 9–110 and comment thereto.

The law as applied to the evidence is clear that Central Bank and Trust Company had a superior right to possession to the property sued for and was due the affirmative charge as requested. The court erred in the refusal of the charge, for which error the judgment must be reversed and the case remanded.

Consideration of the remaining assignments of error is pretermitted as reversal is required for assigned Error One.

Reversed and remanded.

BRADLEY, and HOLMES, JJ., concur.