The plaintiff, as administratrix of the decedent, sued the defendant for the recovery of certain personal property or its alternate value. The trial court entered judgment in favor of the plaintiff for $4,350 and the defendant appeals.
The dispositive issue on appeal is whether the evidence supports a judgment in favor of the plaintiff. We find that the evidence does not support the judgment and reverse.
At the outset, we note that it is not clear from the pleadings nor the record before this court whether the theory of recovery was one of detinue or conversion. Under either theory, the plaintiff has the burden of proof to show that the plaintiff had legal title to the property or right to possession at the time of the action and that the defendant had wrongfully taken possession of the property. See, Johnson v.U-Haul of Southern Alabama, Inc., Ala.Civ.App., 357 So.2d 665
(1978); Galleon Industries, Inc. v. Lewyn Machinery Co., Inc.,50 Ala. App. 334, 279 So.2d 137, cert. denied, 291 Ala. 779,279 So.2d 142 (1973).
Keeping in mind the above principle of law, a review of the record reveals the following:
The decedent was the mother of the plaintiff and defendant. At her death, the decedent left a number of U.S. savings bonds and other personal property. For thirteen months prior to the decedent's death, the defendant lived with the decedent in her home. Following her death, the defendant moved out of the home, taking certain personal property with him. *Page 917 
The plaintiff claimed that a number of savings bonds, having a face value of $2,275, were wrongfully taken by the defendant. The only legal evidence relating to the wrongful taking of the bonds by the defendant was the plaintiff's testimony. This testimony was that plaintiff was "locked out" of the bank vault for several minutes while the defendant opened the decedent's safety deposit box. After entering the room, two equal amounts of bonds were divided between the plaintiff and the defendant.
The plaintiff claimed that the decedent had more bonds than were divided in the bank and that the defendant took them. There was no evidence to indicate how many savings bonds were kept in the safety deposit box by the decedent. Additionally, the plaintiff testified that she did not see the defendant take any of the bonds. As indicated, there was no further evidence tending to prove that the defendant took any bonds.
This evidence, when considered most favorably to the plaintiff, at best shows that the defendant had access to the contents of a safety deposit box, that some bonds were kept in the safety deposit box, and that some bonds were found in the box. The evidence does not establish that the defendant wrongfully took possession of any bonds nor that the items were in fact in his possession, wrongfully or otherwise. Thus, the plaintiff has failed to meet her burden of proof and cannot recover on this portion of her claim. Galleon Industries,supra.
Next, the plaintiff claimed that the defendant wrongfully took a number of silver coins and other currency with a face value of approximately $500 from the home of the decedent. The plaintiff testified that she had last seen this money in the decedent's home in January, 1977, and that the defendant had lived in the decedent's home for approximately thirteen months, until the decedent's death in July, 1977. The plaintiff was unable to find the money after the decedent's death and therefore claimed that the defendant wrongfully took it. Considered most favorably to the plaintiff, this evidence does not establish that the defendant wrongfully or otherwise took possession of the money but merely shows that the defendant had access to the home where the money was allegedly kept. For ought that appears, the decedent could have spent the money before her death. Thus, again the plaintiff is precluded from any recovery thereon because she has not met her burden in showing wrongful possession of the goods by the defendant.Galleon, supra.
The plaintiff next claimed that the defendant wrongfully removed a number of items of household furniture from the decedent's home which belonged to the decedent. The plaintiff testified that the decedent owned various articles of furniture and other household goods and that some of these items were missing upon taking an inventory of the premises.
The defendant claimed no knowledge as to some of the items and claimed that other items were brought by him when he moved into the decedent's house and were thus his own personal property.
As to the items which the defendant claimed he knew nothing about, there is, again, a total lack of evidence that the defendant wrongfully took possession. The plaintiff did not see the defendant remove any of the items nor is there evidence to show the items were in fact in the possession of the defendant. The evidence, at best, showed that the defendant lived in the home prior to the decedent's death and that some items, according to the plaintiff, were missing from the home after the death of decedent. Clearly, this evidence does not meet the plaintiff's burden of proof in showing wrongful possession by the defendant. In fact, the evidence again fails to prove possession. Galleon, supra.
In view of the above, that is the failure to prove possession of the items as indicated, it is clear that the evidence fails to support a judgment of $4,350. It necessarily follows the case is due to be reversed.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 918