EDWARD N. SCRUGGS, Retired Circuit Judge.
The administratrix of the estate of the mother of the parties (plaintiff) sued to recover certain pieces of furniture or household goods or equipment from her brother (defendant). The case was previously before this court and the underlying facts are stated in Heathcock v. Hadley, Ala.Civ. App., 380 So.2d 915 (1980). After another nonjury trial the circuit court rendered judgment against the defendant (1) for some twenty particular articles of personal property, (2) for their separate “value depreciated” totaling $2,965 as their total alternate values, and (3) for $1,154 for the “retention” of the property. The judgment is adequate to meet the requirements of a detinue judgment under § 6-6-256 of the Code of Alabama of 1975. The defendant has appealed.

Plaintiff’s Action against Defendant

The plaintiff testified that she had made a list of the personal property which she contends was removed from her mother’s house shortly after her death, and that the plaintiff conducted a study of their value by talking to furniture dealers from whom she received her figures. She investigated the purchase of a five piece bedroom suite in Jay, Florida by her father around 1972. Its new value was not claimed. The following then occurred:
Q. What did you claim?
A. Six hundred dollars.
THE COURT: Do you propose to offer the depreciated value?
MR. THOMPSON: That is what we are going on is six hundred rather than the new value.
THE COURT: All right. To expedite the case I am going to allow Mr. Partin an objection to each of these depreciated values since it seems that the witness is going to have to testify to an investigative result in each case and I will give him his exception and let’s see if we can’t get along and find what evidence there is.
In no instance was there any variance, between her testimony as to the “depreciated value” of an item and the amount of award to the plaintiff for its alternate value. The two, her testimony and the alternate value, were universally identical.
The plaintiff did not offer any evidence as to the reasonable fair market value, or as to any authorized comparable yardstick, of any of the personal property in controversy; but, as we understand her testimony, she limited the evidence to “depreciated value.” There can exist a great variance between the market value of an article and its depreciated value.
If we accept without deciding that evidence of the depreciated value of personal property standing alone is adequate proof of its alternate value, it would be essential that the evidence disclose how such depreciated value was determined before a witness could give an opinion as to such depreciated value. She testified to the cost of very few items. The cost of eighteen of the articles was not presented to the court. The estimated useful life of the various assets was never mentioned. The evidence failed to name or describe the depreciation method whereby the depreciated value was determined. Thus, there was a failure of proof as to the alternate value of any of the claimed personal property. Insufficient evidence as to alternate value is just as fatal and inadequate as no evidence thereon. The general rule is that it is reversible error if the plaintiff does not prove the alternate value of the various items sued for. Beavers v. Harris, 265 Ala. 548, 93 So.2d 161 *717 (1957); Chrysler Credit Corporation v. Tremer, 48 Ala.App. 675, 267 So.2d 467 (1972). No exception to that rule is here applicable.
Additionally, there was no evidence whatsoever regarding damages for the detention of the property. Therefore, the trial court should not have awarded the sum of $1,154 to the plaintiff for the “retention” of the property. “[T]he burden of proving the value of the property sued for and the value of its detention, if any, is upon the plaintiff.” Davis v. Wolff, 293 Ala. 408, 304 So.2d 203 (1974). Here, the evidence was deficient as to both of such values.
Thirdly, in many instances the evidence was still insufficient to prove a taking of a particular article by the defendant or to show ownership thereof by the parties’ mother at the time of her death. In that regard, the status of the evidence as to most of the particular pieces of furniture or equipment remained in the same relative condition as existed, and as was ruled inadequate, in the first appeal. Heathcock v. Hadley, supra.
Accordingly, we reverse and hereby render judgment in favor of the defendant with regard to the plaintiff’s action against the defendant. § 12-22-70, Code of Alabama 1975.

Defendant’s Counterclaim against Plaintiff

The defendant, by counterclaim, sought damages from the plaintiff for the conversion of certain personal property. The evidence regarding the counterclaim was such that we cannot hold that the trial court was clearly and palpably wrong in deciding against the defendant on that counterclaim. In that respect, the usual presumption applies which favors the correctness of the findings of a trial court after personally hearing the evidence. Anderson v. Blue Star Ready Mix, Inc., Ala. Civ.App., 391 So.2d 127 (1980).
We affirm that portion of the judgment of the trial court which entered judgment in favor of the plaintiff upon the defendant’s counterclaim.
The foregoing opinion was prepared by retired circuit judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
All the Judges concur.