ON APPLICATION FOR REHEARING
KENNEDY, Justice.
The opinion of July 24, 1992, is withdrawn and the following is substituted therefor:
The defendant, Central Bank of the South, appeals from a judgment entered in favor of the plaintiff, Lena K. Patterson, after a nonjury trial. At the outset, we note that Patterson filed no brief and that this case was submitted on Central Bank’s brief alone.
On December 8, 1986, Herbie O. Patterson purchased a 1987 Lincoln Town Car automobile from Pay Pearman Lincoln-Mercury, Inc. (“Pearman”). Herbie signed an installment sale contract, a security agreement, and a disclosure statement. Pearman assigned the contract to Central Bank.
Under the terms of the contract, Herbie gave a purchase money security interest pursuant to the Alabama Commercial Code, § 7-2-101 et seq., Ala.Code 1975. A certif--icate of title was issued on December 23, 1986, listing Central Bank as the primary lienholder. The certificate of title listed Herbie Patterson and Lena Patterson as owners of the automobile.
On or before August 28, 1989, the contract was in default. An employee of Central Bank, Grady Ledbetter, attempted to repossess the vehicle from Lena. Lena told Ledbetter that the car was hers and that he could not take it. Central Bank *206 filed a detinue action against Lena and Herbie on August 28, 1989, seeking possession of the car.
At trial on November 8, 1991, Lena testified that she had been in possession of the car since her third divorce from Herbie and that Herbie was supposed to make payments on the note. She stated that since she had been possession of the car, she had made four payments on the note. Lena testified that she was currently separated from Herbie, whom she had married for the fourth time. She stated that she did not know where he lived or worked. Lena also stated that the last time she had seen Herbie was on the morning of the trial, November 8, 1991.
Jane Wasden, an employee of Central Bank’s repossession department, testified that the value of the car on August 28, 1989, the day -the lawsuit was filed, was $16,000. She testified that on November 8, 1991, the date of trial, the value of the car was $6,000.
The trial court dismissed Herbie Patterson, without prejudice, because attempts to serve him with notice of the lawsuit had been unsuccessful. The trial court found in favor of Lena Patterson on the claims made by Central Bank.
Where a trial court has heard ore tenus testimony, its judgment based on findings of fact made from that testimony is presumed to be correct and will be reversed only if, after a consideration of all the evidence and all reasonable inferences to be drawn therefrom, the judgment is found to be plainly or palpably wrong. Spruiell v. Robinson, 582 So.2d 508 (Ala.1991).
In detinue proceedings, the plaintiff can recover if it is shown that at the commencement of the action (1) the plaintiff had a general or special property interest in the goods for which the action was commenced, (2) the plaintiff had the right to immediate possession of the goods, and (3) the defendant had possession of the goods. Steger v. Everett Bus Sales, 495 So.2d 608 (Ala.1986).
First, Central Bank had a special property interest in the car through its perfected security interest. Second, Central Bank had the right to immediate possession of the car pursuant to its security agreement and the fact that the note was in default. Third, it is clear from the evidence that Lena had possession of the car. The trial court erred in failing to find for Central Bank.
In a detinue action, the plaintiff has the burden of proving the value of the property wrongfully detained. Williamson v. Stephens, 577 So.2d 1272 (Ala.1991). Central Bank presented testimony as to the value of the car. Jane Wasden testified that the value of the car on the day the loan became in default was $16,000 and that the value of the car on the day of trial was $6,000. The difference in the value of the car on the day of the commencement of the action and the value as of the day of trial was $10,000.
Section 6-6-256, Ala.Code 1975, provides that the judgment must be for the property sued for, or its alternative value, with damages for its detention to the time of trial.
Accordingly, the trial court erred. We reverse its judgment and we order that on remand a judgment be entered in favor of Central Bank and against Lena Patterson for 1) possession of the vehicle or, in the alternative, the car’s value of $6,000 and 2) a judgment of $10,000 as damages for the detention of the car.
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.