This appeal involves a petition to modify filed by Brenda A. Thrasher (the wife) and a detinue action filed by James T. Thrasher, Jr. (the husband).
The parties were divorced on May 22, 1989, in Brevard County, Florida. Pursuant to the divorce judgment, the court awarded the care, custody, and control of the minor child to the wife. In July 1992, the wife agreed for the husband to assume custody of the minor child. Approximately nine months later, the minor child informed the wife that the husband had molested her. At that time, the wife filed a petition for a restraining order and for a temporary modification. As *Page 597 
a result of the minor child's complaint, the State of Virginia brought criminal charges against the husband. The husband entered a plea of nolo contendere and received probation, with the condition that he have no contact with his minor child.
The wife then instituted the present action for modification. Following an ore tenus hearing, the circuit court awarded custody of the minor child to the wife and ordered that the husband have no visitation or contact with the minor child. The court further ordered that the husband pay to the wife $413.00 per month as child support until the minor child reaches the age of majority or marries; that the husband pay to the wife $170.00 per month for counselling sessions necessitated as a result of the molestation; that the wife receive all right, title, and interest in a house trailer the husband had delivered to her in return for a promise not to testify in the criminal proceedings or not to oppose a dismissal of the criminal actions against him; that the husband pay the wife the total sum of $5,185.00, which represents the sum of $4,225.00 for therapy sessions incurred by the minor child to date, $660.00 for expenses incurred by the wife for travelling to Virginia in regard to the criminal proceedings, and $300.00 for unpaid medical expenses incurred by the minor child; and that the husband pay the wife $1,000.00 for attorney fees incurred by the wife in this action. The husband appeals the modification, to the extent it ordered him to pay the wife's attorney fees and the expenses for the wife's travel to Virginia.
The husband filed a detinue action, requesting a return of the house trailer, and the court entered a judgment in favor of the wife. The court held that the husband had not met his burden of proof and was therefore not entitled to a return of the house trailer. The husband also appeals from this judgment.
We will first address the husband's appeal from the trial court's judgment in the detinue action. In a detinue proceeding, the plaintiff may recover the property sought if it is shown that at the commencement of the action the plaintiff "had either legal title to the property or the right to immediate possession of the property in question and the defendant had wrongfully taken possession of the property."Murray v. Dempsey, 521 So.2d 1345, 1345 (Ala.Civ.App. 1988). See also Central Bank of the South v. Patterson, 607 So.2d 204,206 (Ala. 1992). A certificate of title may serve as prima facie evidence of ownership. See Ala. Code 1975, § 32-8-39(d). The husband satisfied the first prong, because he presented to the court a certificate of title. The husband, however, cannot satisfy the second prong of the test because he cannot prove that the wife wrongfully possessed the house trailer. The husband testified that he delivered the house trailer to the wife in return for her promise not to testify at his criminal proceedings in Virginia or her promise to dismiss the charges against him. The wife testified that she informed the husband that she could not drop the charges and that if she were subpoenaed to testify, she would have to appear in court. She stated that when she told the husband she would have to testify, he still agreed for her to keep the house trailer. The husband denies that he ever intended for the wife to keep the house trailer; however, he did deliver the house trailer to the wife and allowed her to live in the house trailer with their minor child. It is apparent from the husband's own testimony that he cannot prove that the wife wrongfully possessed the house trailer. See Heathcock v. Hadley, 380 So.2d 915
(Ala.Civ.App. 1980), appeal after remand, 398 So.2d 715
(Ala.Civ.App. 1981). Therefore, the circuit court's judgment in the detinue action is affirmed.
We next address the husband's contentions regarding the modification proceeding. The husband challenges the trial court's order awarding an attorney fee to the wife on the modification action. In a modification proceeding, the award of an attorney fee is within the sound discretion of the trial court. Grant v. Smith, 661 So.2d 752 (Ala.Civ.App. 1994). See also Ebert v. Ebert, 469 So.2d 615, 618 (Ala.Civ.App. 1985). Accordingly, an award of an attorney fee will be reversed only upon a showing of an abuse of discretion. No such showing is evident here. The trial court awarded a reasonable sum of $1,000.00 as a fee for the services rendered *Page 598 
by the wife's attorney. We find no abuse and, therefore, we affirm.
The husband also appeals the trial court's award of expenses to compensate the wife for her travel and lost wages during the Virginia criminal proceedings. The wife's expenses resulted from the husband's actions and, therefore, we find no abuse of discretion in the trial court's judgment. Cf. Clutts v. Clutts,54 Ala. App. 43, 46, 304 So.2d 599, 602 (Ala.Civ.App. 1974) (modification of a prior support order is largely a matter within the judicial discretion of the trial court and will not be disturbed on appeal absent a showing of palpable abuse). See also McDavid v. McDavid, 627 So.2d 446, 447-48
(Ala.Civ.App. 1993) (modification of divorce judgment based on changed circumstances lies within the discretion of the trial court).
The husband contends that the trial court erred in improperly admitting hearsay evidence in the form of employment records. The records at issue contained a letter authored by the husband in which he tendered his resignation from his prior employment. The husband testified at the hearing that he was fired from that prior employment. The court properly admitted the letter as impeachment. Additionally, this was an ore tenus hearing; no jury was present. Even if the evidence had been inadmissible hearsay, we would presume that the judge disregarded any inadmissible evidence and considered only admissible evidence.See R.J. v. State, 627 So.2d 1163, 1168 (Ala.Cr.App. 1993) (trial court is presumed to disregard inadmissible evidence in reaching its decision). Accordingly, we find no error in the trial court's admission of the letter.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.