THOMPSON, Presiding Judge.
June Thackston, Derold Thackston, and Charles Jacob “Jake” Thackston (collectively, “the defendants”) appeal from the judgment of the Randolph Circuit Court awarding Angie Pinkard Key $29,000 or an equivalent value of certain personal property. For the reasons stated herein, we reverse the trial court’s judgment and remand the cause for the entry of a new judgment.
June Thackston (“June”) and Will Thackston (“Will”) are the parents of De-rold Thackston (“Derold”) and Charles Jacob “Jake” Thackston (“Jake”). In 1985, June and Will incorporated a business, Thackston and Sons Construction Company, Inc. (“Thackston and Sons”), in Georgia. At the time they incorporated Thack-ston and Sons, June and Will each owned one-half of the stock in the company.
In July 2009, June filed an action for a divorce from Will in the Randolph Circuit Court. On September 29, 2009, the trial court in that action entered a pendente lite order providing, among other things, that Will was to have sole control .over the day-to-day operation of Thackston and Sons.
In February 2010, while the divorce action was pending, Will filed for personal bankruptcy in the United States Bankruptcy Court for the Middle District of Alabama. As part of his bankruptcy proceeding, Will provided a list of personal property (“the asset list”) to the bankruptcy trustee that included a substantial number of items, such as vehicles and tools, that were purchased and used by Thack-ston and Sons. The asset list did not include any stock in Thackston and Sons. June, although she had not filed for bankruptcy, attended the hearings in Will’s bankruptcy case. Will testified at the trial in the present action that he stopped operating Thackston and Sons in February 2010, at the time he filed for bankruptcy.
In July 2010, the bankruptcy court entered an order permitting the bankruptcy trustee to sell the property included on the asset list. The trustee did so, selling all of Will’s interest in the assets included on the asset list to Angie Pinkard Key on August 5, 2010, for $29,000. The bill of sale indicated that the sale was “made without any representations or warrantees] of any kind” and that Key was “solely responsible for retrieving and verifying [Willi’s interest in each said item of personalty.”
On August 26, 2010, Key filed the present action against the defendants. The essence of her action was one in detinue, seeking possession of the assets she alleged she had bought from the bankruptcy trustee, which she alleged were in the defendants’ possession. The defendants filed a counterclaim against Key in which they sought the return of property that they alleged was in Key’s possession.
On September 9, 2010, the Georgia Secretary of State issued a certificate indicating that, as of that day, Thackston and Sons had been administratively dissolved or had had its certificate of authority revoked because it had failed to file its annual registration with the State of Georgia.
On December 21, 2010, the trial court in the divorce action entered a final judgment based on a settlement agreement that June and Will had reached. That settlement agreement, which was incorporated into the divorce judgment, provided, among other things, that the parties acknowledged that June was and, since the early 1990s, had been the owner of all the stock in Thackston and Sons. The agreement provided that all the assets of Thack-ston and Sons would continue to be the property of Thackston and Sons and that June, as the owner of Thackston and Sons, *790 would effectively own the assets of the company.
On February 3 and April 13, 2011, the trial court held a bench trial in the present action at which it received ore tenus testimony. Will testified at first that June’s and his respective half ownerships in Thackston and Sons had never changed. However, he later testified that, at some point, their ownership interests changed so that Thackston and Sons could qualify for certain construction contracts associated with the 1996 Olympic Summer Games held in Atlanta, Georgia. Consistent with the latter testimony, portions of several of Thackston and Sons’ tax returns were introduced into evidence, one as early as 1992, reflecting that June owned 100% of the stock of the company. June testified as well that she had owned all the stock in Thackston and Sons since 1992.
During the trial, numerous documents were introduced into evidence indicating that a substantial number of the items included on the asset list were titled in Thackston and Sons, had been depreciated by Thackston and Sons on its tax returns, and had been insured by Thackston and Sons. Other documents introduced into evidence indicated that title to other assets listed by Will on the asset list had been conveyed to the defendants personally or to other individuals before Will filed for bankruptcy.
During the trial, the defendants indicated that four of the vehicles listed on the asset list were titled in Will’s name, not in the name of Thackston and Sons. The defendants stated that they did not claim ownership of those vehicles, and they delivered the titles to those vehicles to Key in open court.
On June 23, 2011, the trial court entered a final judgment, which provided, in pertinent part:
“This matter involves the transfer of assets from Will Thackston to [Key] via a Bankruptcy Trustee’s Bill of Sale. The bill of sale gives general descriptions of various items of property. No specific description or identification numbers are provided. The Court, therefore, must determine what Will Thackston legally owned at the time that the bill of sale was executed. The Court has found this to be impossible. Mr. Thackston was a joint owner of Thack-ston & Sons Construction. This status was never legally changed. Many items were owned by this Company.
“The matter that is undisputed is that [Key] paid $29,000 for Mr. Thackston’s interest in items listed on the bill of sale. [June] has possession of most of these items. [June] claims that these items are hers. The Court must do equity in order to prevent [Key], as a bona fide third party purchaser for value, from being deprived of any benefit from her purchase.
“It is therefore ordered, adjudged, and decreed that judgment be entered in favor of [Key] and against [June] for the sum of twenty-nine thousand dollars and no/100 ($29,000.00). This judgment may be satisfied by the payment of said sum or by the transfer of that value of assets from [June] to [Key].”
The trial court’s judgment also denied all other requested relief, thus disposing of Key’s claims against Derold and Jake and the defendants’ counterclaim against Key. June filed a postjudgment motion, which was denied by operation of law. See Rule 59.1, Ala. R. Civ. P. The defendants appeal.
The defendants contend that the trial court’s findings of fact do not support its judgment awarding Key $29,000. Specifically, they argue that the trial court’s finding that it was impossible to determine what property on the asset list Will owned at the time the trustee issued the bill of *791 sale precluded it from awarding Key $29,000 on the basis of what she paid for any interest Will might have had in that property.
“In Alabama, ‘[i]t is elementary that the gist of [a detinue action] is the wrongful detention. It is also elementary that the plaintiff must have the right to the possession of the chattel at the commencement of the suit, in order to recover.’ ” Bruner v. Geneva Cnty. Forestry Dep’t, 865 So.2d 1167, 1174 (Ala.2003) (quoting Jesse French Piano & Organ Co. v. Bradley, 138 Ala. 177, 180, 35 So. 44, 44 (1902)) (emphasis omitted). Thus, “the plaintiff has the burden of proof [in a detinue action] to show that the plaintiff had legal title to the property or right to possession at the time of the action and that the defendant had wrongfully taken possession of the property.” Heathcock v. Hadley, 380 So.2d 915, 916 (Ala.Civ.App.1980). See also Murray v. Dempsey, 521 So.2d 1345, 1345-46 (Ala.Civ.App.1988) (claimant in detinue case bears burden of proof).
In the present case, the trial court found that it was impossible to determine from the evidence presented what if any property on the asset list was actually owned by Will such that it was subject to being conveyed by the bankruptcy trustee to Key. No party has directly challenged that finding on appeal. It was Key’s burden to prove that she had legal title to the property she was claiming in her action; her failure to do so precluded her from recovering that property.
Of course, the trial court did not award Key any particular property, as she had sought. Instead, as noted, it required June to pay Key $29,000, the amount that Key had paid the bankruptcy trustee. Because the trial court could not conclude from the evidence that Key had legal title to the property contained on the asset list, there was no basis for the trial court to require that June pay Key any amount, let alone the full amount of what Key had paid to the trustee. The trial court’s conclusion that it was impossible to discern what, if any, property on the asset list Key owned means that there has been no finding that June is in possession of any item of property in which Key has established she has legal ownership. In the absence of such a determination, there is simply no basis to require that June make any payment to Key.
We recognize that the trial court found that Key was a “bona fide third party purchaser for value” of the items contained on the asset list. However, we have failed to uncover any legal authority, and Key has not cited any in her appellate brief, indicating that Key’s occupying such a status would entitle her to a refund of what she paid for those items from someone other than the person to whom she made that payment.[1]
We are not unsympathetic to the circumstances in which Key finds herself. She has paid $29,000 for Will’s interest in certain property only to be unable to prove that Will had any interest in that property. However, to recover possession of that property, she bore the burden of proof on the issue of Will’s, and by extension her, ownership interest, and, having been unable to convince the trial court of that interest, she was not entitled to the relief that she sought.
Based on the foregoing, we conclude that the trial court erred to reversal when it entered a judgment against June in the *792 amount of $29,000. We therefore reverse the trial, court’s judgment, and we remand the cause for the entry of a new judgment consistent with this opinion.[2]
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.

. Because we conclude that the trial court’s finding that Key was a bona fide purchaser for value of the property listed on the asset list is ultimately irrelevant to our disposition of this appeal, we pretermit consideration of the defendants’ contention that the evidence did not support that finding.

. We note that the defendants have not raised an issue in their appellate brief as to the propriety of the trial court’s judgment insofar as the judgment denied them any relief pursuant to their counterclaim against Key.