FUTURA MUSIC, INC., Appellant,

v.

GATES RADIO COMPANY, a Corporation, Appellee.

No. 9740.

United States Court of Appeals
Tenth Circuit.

July 22, 1968.

Rehearing Denied Oct. 8, 1968.

to recover damages resulting from the collapse of a radio broadcasting tower.

This action was commenced by Futura in a Kansas state court and was removed to the federal court by Gates on the ground that the parties were citizens of different states.

On July 6, 1959, Futura and Gates entered into a written contract, whereby Gates agreed to sell and Futura agreed to purchase certain radio broadcasting equipment, including a used transmitting tower.

It was alleged in Futura's petition that the tower was purchased for FM broadcasting; that Futura relied on the expert judgment of the sales engineer for Gates that such tower would be suitable for FM broadcasting; that such tower was defective, in that it was not suitable for FM broadcasting, and as a result of such defect collapsed on March 4, 1963; and that Gates breached its implied warranty that the tower would be suitable for FM broadcasting, the purpose for which it was purchased.

The action was filed on August 5, 1966. Gates, at all times here material, was an Illinois corporation. It was not licensed or authorized to transact business in the State of Kansas and had not designated an agent upon whom service of process could be made.

The trial court sustained Gates's motion for a summary judgment, on the ground that the action was barred by Gen.Stat.Kansas 1949, 60–306, which in part here material reads:

> "*Civil actions other than for recovery of real property.* Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
>
> \* \* \* \* \* \*
>
> "*Second.* Within three years: An action upon contract, not in writing, express or implied; \* \* \*."

Edward A. McConwell, Kansas City, Kan. (Cochran, Eisele & McConwell, Kansas City, Kan., on the brief), for appellant.

Douglas Stripp, Kansas City, Mo. (Thomas E. Allen, J. Milton Sullivant, Kansas City, Kan., Watson, Ess, Marshall & Enggas, Kansas City, Mo., and Sullivant & Smith, Kansas City, Kan., of counsel, on the brief), for appellee.

Before PHILLIPS, HILL and HICKEY, Circuit Judges.

ORIE L. PHILLIPS, Circuit Judge.

Futura Music, Inc.,[1] brought this action against the Gates Radio Company[2]

---

1. Hereinafter called Futura.

2. Hereinafter called Gates.

In 1963, the Kansas legislature enacted a new code of civil procedure. It was published June 30, 1963, and became effective on January 1, 1964, and *inter alia* broadened the means of effecting service, acquiring service on, and acquiring personal jurisdiction of nonresidents. The provision with respect to personal service outside of the state in the new code is found in K.S.A. 60–308, which in part here pertinent reads:

"*Personal service outside state.* (a) *Proof and effect.* (1) Personal service of summons may be made upon any party outside the state. If upon a person domiciled in this state or upon a person who has submitted to the jurisdiction of the courts of this state, it shall have the force and effect of personal service of summons within this state; * * *.

"(2) The service of summons shall be made in like manner as service within this state, by any officer authorized to make service of summons in the state where defendant is served. * * *

\*       \*       \*       \*       \*       \*

"(b) *Submitting to jurisdiction— process.* Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

"(1) The transaction of any business within this state;

\*       \*       \*       \*       \*       \*"

Gen.Stat.Kansas 1949, 60–309, in part here pertinent provides:

"*Statute tolled while person absent from state, has absconded or con-*cealed himself; foreign corporations. If when a cause of action accrues against a person he be out of the state, * * * the period limited for the commencement of the action shall not begin to run until he comes into the state, * * * *Provided,* This act shall not apply to any foreign corporation authorized to do business in the state upon which service of process can be had within the state."

■ In diversity actions, the federal court will apply applicable state statutes of limitations,[3] and also will apply the tolling provisions of state statutes of limitations.[4]

■ The tolling provisions of Gen. Stat.Kansas 1949, 60–309, were amended by K.S.A. 60–517 (approved February 27, 1963; published June 30, 1963) of the new code of civil procedure to read as follows:

"*When defendant out of state.* If when a cause of action accrues against a person he be out of the state, or has absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he comes into the state, or while he is so absconded or concealed, and if after the cause of action accrues he depart from the state, or abscond or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought. *This section shall not apply to extend the period of limitation as to any defendant whose whereabouts are known and upon whom service of summons can be effected under the provisions of article 3 of this chapter.*" (The amendatory language is italicized.)

The tower collapsed on March 4, 1963, and the instant action was not com-

---

3. Guaranty Trust Company v. York, 326 U.S. 99, 110, 65 S.Ct. 1464, 89 L.Ed. 2079; Murray v. City of Milford, Connecticut, 2 Cir., 380 F.2d 468, 473.

4. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 533, 69 S.Ct. 1233, 93 L.Ed. 1520; Murray v. City of Milford, Connecticut, supra, at 473, 474.

menced until the filing of the petition in the state court on August 5, 1966. Therefore, if K.S.A. 60–517, which became effective on January 1, 1964, applies to the instant action, it was barred by the statute, since the cause of action accrued on March 4, 1963.

The Supreme Court of Kansas in In re Reed's Estate, 157 Kan. 602, 142 P.2d 824, 828–829, stated:

" * * * The doctrine that a Legislature has power to enact a statute of similar character by shortening the time in which an existing cause of action may be barred, so long as a reasonable time is given for the commencement of an action or proceeding before the bar takes effect, is well recognized and unquestioned. * * *

> * * * * * *

" * * * it must not be overlooked that there are no vested rights to any particular remedy or procedure. * * * "

In Jones v. Garrett, 192 Kan. 109, 386 P.2d 194, at page 199, the court said:

"It is the law of this state that a statute which merely changes a remedy is not invalid, as there are no vested rights in any particular remedy. While generally statutes will not be construed to give them retroactive application unless it appears that such was the legislative intent, nevertheless when a change of law merely affects the remedy or law of procedure, all rights of action will be enforced under the new procedure without regard to whether they accrued before or after such change of law and without regard to whether or not the suit has been instituted, unless there is a saving clause as to existing litigation. * * * " [5]

As stated above, the new code of civil procedure, including K.S.A. 60–517, was published on June 30, 1963, and it did not become effective until January 1, 1964. Hence, Futura had in excess of two years within which to bring the instant action from and after the effective date of the new code of civil procedure. There can be no doubt that that gave Futura a reasonable time within which to commence the action.

Accordingly, we conclude, as did the trial court, that the action was barred by limitation and the judgment is affirmed.

---

5. See also, Milbourne v. Kelley, 93 Kan. 753, 145 P. 816, 818; Shepard v. Gibson, 88 Kan. 305, 178 P. 371.