**J. E. Harney, d/b/a Harney Radio Service, Plaintiff-Appellant, v. Edward Spellman, et al., Defendants-Appellees.**

**Gen. No. 11,055.**

Fourth District.

September 25, 1969.

Ray Moss, Herrick, Rudasill & Moss, of Clinton, for appellant.

■■■

Burke Miller, of Lincoln, for appellee.

SMITH, J.

The facts are stipulated. The trial court held that a distress warrant levied upon personal property of a tenant was superior in title and possession to a title retention conditional sales contract owned by the seller of the goods delivered to a buyer when such contract was not filed in the county where the purchaser resided. The determination of the trial court and its judgment is correct.

■ ■ The plaintiff sold a washer, dryer, range, refrigerator and a color-television set to Donald E. Hupp. The sale took place in Clinton, DeWitt County, Illinois. The contract between the plaintiff and Hupp provided, among other things, "Title to the goods is vested in the Seller and shall not pass to Buyer, . . . until the time balance shall have been fully paid." Hupp lived in Logan County, Illinois, and was a tenant of the defendant Spellman. The plaintiff did not file a financing statement under the provision of the Uniform Commercial Code in Logan County, Illinois. The Landlord-Tenant Act provides, among other things, that in cases of distress for rent,". . . . [I]n no case shall the property of any other person, although the same may be found on the premises, be liable to seizure for rent due from such tenant." Ill Rev Stats 1967, c 80, § 16. From this, the plaintiff argues that the title was in him, the property was his, and it was not subject to seizure for rent because of the provision just cited. The Uniform Commercial Code, Ill Rev Stats 1967, c 26, he says, does not apply because he is not a lienholder, but a titleholder and the Uniform Commercial Code does not destroy this title. On the contrary, he says, the Code states, *"Unless otherwise explicitly agreed* title passes to the buyer at the time and place at which the seller completes his performance with reference to the physical delivery of the goods. . . ."* Ill Rev Stats 1967,

c 26, § 2–401 (2). The term "explicit" means that which is so clearly stated or distinctly set forth that there is no doubt as to its meaning. The contract in question explicitly agreed that title to the goods was vested in the seller until full payment was made. The stipulation stated that full payment had not been made. Where a security interest is involved, title is immaterial. Section 9–202 of the Code states: *"Title to Collateral Immaterial.* Each provision of this Article with regard to rights, obligations and remedies applies whether title to collateral is in the secured party or in the debtor." [Emphasis supplied.]

■■■■ It is the defendant's position that his lien on the property attached when the distress warrant was issued and the property seized, and it was so held in A. N. Kellogg Newspaper Co. v. Peterson, 162 Ill 158, 44 NE 411. Paragraph 1–201 (37) of the Uniform Commercial Code states: " 'Security interest' means an interest in personal property or fixtures which secures payment or performance of an obligation. The retention or reservation of title by a seller of goods notwithstanding shipment or delivery to the buyer (§ 2–401) is limited in effect to a reservation of a 'security interest' . . . ." Section 9–401 of the Uniform Commercial Code sets forth the requirements and the directions as to the proper place to file a security document in order to perfect a security interest in property. Plaintiff did not comply with this section. The conditional sales contract executed in this case is indubitably and purely a security contract. It is fundametal that contracts are to be construed in the light of the prevailing law. To hold as the plaintiff now contends is to turn back the pages to a time when secret liens in personal property through conditional sales or title retention contracts had some semblance of respectability. That semblance of respectability disappeared many years ago and we do not believe that the Uniform Commercial Code can be fairly construed to have restored it. The conclusion is inescapable, therefore, that

■

when the plaintiff failed to perfect the security interest in the goods in question, as he might very well and very easily have done, his security interest or lien becomes subordinate to a lien validly attaching to the property. Plaintiff, as the trial court held in a lucid and concise memorandum, stood in the position of an unsecured creditor so far as subsequent creditors without notice were concerned. Goods as between seller and buyer, seller's security interest must yield to lienors whose liens properly attach before he perfects the same by filing.

The judgment of the trial court must be and it is hereby affirmed.

Affirmed.

CRAVEN, P. J. and MILLS, J., concur.