333 F.Supp. 1183 (1971)
The BINKLEY COMPANY, a corporation, Plaintiff,
v.
TELEDYNE MID-AMERICA CORPORATION, a corporation, Defendant.
No. 70 C 513(3).
United States District Court, E. D. Missouri, E. D.
October 18, 1971.
*1184 Sidel, Sandweiss & Kaskowitz, St. Louis, Mo., Alvin H. Juergensmeyer, Warrenton, Mo., for plaintiff.
Murphy & Kortenhof, St. Louis, Mo., for defendant.

MEMORANDUM
WEBSTER, District Judge.
In this action plaintiff seeks to recover damages alleged to have been suffered upon breach of express and implied warranties made by defendant seller in connection with plaintiff's purchase of certain welding equipment. Suit was originally filed September 14, 1970, in the Circuit Court of Warren County, Missouri, and removed to this court on defendant's petition. Jurisdiction is based upon 28 U.S.C. § 1332. This matter is presently before the court on defendant's motion for summary judgment. In support of its motion, defendant maintains that plaintiff's claim is barred by the statute of limitations as set forth in § 400.2-725, RSMo 1969, V.A.M.S. Defendant also relies on a number of provisions limiting plaintiff's remedies which it contends were contained in the contract of sale.
The material facts necessary to a determination of the limitations issue are not in dispute. Plaintiff is a Missouri corporation engaged in the business of metal processing in Warrenton, Missouri. Defendant is a Delaware corporation, with its principal place of business in Los Angeles, California. Defendant manufactures and sells metal processing equipment, and is the successor by merger to Precision-Cincinnati, Inc., an Ohio corporation, formerly known as Precision Welder & Flexopress Corp. (hereafter "Precision").
*1185 For several months prior to December 15, 1965, plaintiff and Precision negotiated for the purchase by plaintiff of certain welding equipment known as a dual roll spot welder, to be specially manufactured by Precision. By letter dated December 15, 1965, Precision quoted a firm specification that the equipment would be capable of welding a minimum of 1000 feet per fifty-minute hour. Plaintiff issued its purchase order for the equipment on December 28, 1965, which likewise specified that the welder must operate at a minimum of 1000 feet per fifty-minute hour. Precision acknowledged the order by letter dated January 7, 1966 which made no reference to the production capacity specification, but which enclosed a copy of the purchase order signed by Precision.
Plaintiff avers that it relied upon the express warranties contained in Precision's December 15, 1965 letter and Precision's implied warranties of merchantability, and purchased the spot welder for a sum in excess of $48,560.00. The welder was delivered to plaintiff on or about September 7, 1966, but plaintiff was not able to install it or put it into operation until on or about October 24, 1966. At this time the equipment only performed at a rate of between 400 and 500 feet per fifty-minute hour instead of the specified rate. Plaintiff notified Precision of the equipment's defects, and thereafter Precision made numerous unsuccessful attempts to repair the welder. Plaintiff alleges that as a consequence of the failure of the welder to operate properly, it has expended $58,055.40 in excess labor, material and maintenance costs; and has suffered loss of business and damage to its reputation in the amount of $20,000.
Under Klaxon Company v. Stentor Electric Manufacturing Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), a federal court must apply the choice of law rules of the state in which it sits in determining what law to apply to diversity of citizenship cases. The court concludes that Missouri courts would decide this case under Missouri law, either because Missouri was to be the place of performance under the contract, Liebing v. Mutual Life Ins. Co. of New York, 276 Mo. 118, 207 S.W. 230 (1918); or, under more recent decisions, because Missouri had a more significant relationship to the contract than did any other state. Kennedy v. Dixon, 439 S.W.2d 173 (Mo.1969).
Section 2-725 of the Uniform Commercial Code, adopted in Missouri as § 400.2-725 V.A.M.S., provides in relevant part:
(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.
(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.
Defendant contends that § 2-725 is a full defense to this suit since the spot welder was delivered on or about September 7, 1966, and plaintiff did not commence this action until September 14, 1970, more than four years later. Plaintiff maintains that the warranty given by Precision falls within the exception of § 2-725(2), in that it extends to future performance. Plaintiff argues alternatively that a determination of the welder's capability could not have been made before its installation, and as a consequence, the statute of limitations could not have commenced to run until on or about October 24, 1966, a date within the four year limit.
Apparently there are no Missouri cases decided under § 2-725. In Citizens Utilities Company v. American Locomotive *1186 Company, 11 N.Y.2d 409, 230 N.Y.S.2d 194, 184 N.E.2d 171 (1962), cited by defendant, a manufacturer warranted that an electric generator "`would be and would continue to be capable of continuous operation at full dated capacity for a full normal machine life span of at least 30 years.'" The court held this was not a seller's warranty that the machine would be operating after thirty years, but only a warranty of present characteristics, design and condition. The court stated:
"A warranty expressed or implied that a machine is so built that it should last 30 years is a warranty of present characteristics, design and condition and should not be stretched by implication into a specific promise enforcible at the end of 30 years." 230 N. Y.S.2d 194, 198, 184 N.E.2d 171, 174.
Gaffney v. Unit Crane and Shovel Corporation, 10 Terry 381, 117 A.2d 237 (Del.Super.Ct.1955), another pre-code case, was an action brought by the buyer of a truck crane against the manufacturer for breach of warranty. The court found that an express warranty that the crane would lift 20 tons constituted a warranty of present performance and that the statute of limitations began to run at the time of sale, even though plaintiffs alleged they had no opportunity to test the crane until some time after they had obtained delivery.
While these cases were not decided under § 2-725(2), they do indicate a judicial reluctance to infer from the language of express warranties terms of prospective operation that are not clearly stated. This court must exercise similar reluctance, since under the terms of § 2-725(2), only explicit warranties of future performance delay accrual of a cause of action for breach of warranty.
In Matlack, Inc. v. Butler Manufacturing Company, 253 F.Supp. 972 (E.D. Pa.1966), plaintiff sued to recover damages for breach of warranty and negligence for alleged numerous defects in gasoline engines which were placed on trailers in order to operate an unloading mechanism. The court granted summary judgment because the suit was barred by § 2-725. The court held that the seller's specifications indicating a proposed use of the engines did not constitute an explicit warranty for future use.
No Missouri cases have been found which indicate the degree of specificity required before a statement will be considered "explicit" under Missouri law. However, statutory use of the word has been construed in other jurisdictions. In Hvidsten v. Northern Pac. Ry. Co., 76 N.D. 111, 33 N.W.2d 615 (1948), the court found there had been insufficient compliance with a North Dakota statute requiring administrative agencies to "`make and state concisely and explicitly its findings of fact * * *.'" The court incorporated the definition of explicit contained in Webster's International Dictionary 2d ed.:
"Explicit is defined * * * as `Not implied merely, or conveyed by implication; distinctly stated; plain in language; clear; not ambiguous; express; unequivocal.'" 33 N.W.2d 615, 619.
In Harney v. Spellman, 113 Ill.App.2d 463, 251 N.E.2d 265 (1969), as it construed § 2-401(2) of the Uniform Commercial Code, the court said:
"The term `explicit' means that which is so clearly stated or distinctly set forth that there is no doubt as to its meaning." 251 N.E.2d 265, 266.
The warranty in issue is contained in the December 28, 1965 purchase order and provides:
"This welder must, and is warranted to meet the specifications herein set forth: * * *"
"2. This machine must, in the range of product as above, be capable of welding at 1000' per fifty minute hour, or a gross rate of 1200' per hour."
There is no reference to a future time in this language, and thus these words do not constitute an "explicit" *1187 warranty of future performance in and of themselves. Plaintiff claims that it was not able to test the welder's capabilities until some time after it obtained delivery and maintains that warranties made without explicit reference to time, the truthfulness of which cannot be ascertained at delivery, should be considered warranties of future performance within § 2-725(2).[1] In this court's opinion, such construction of § 2-725(2) would make the point at which the statute begins to run depend upon the buyer's knowledge of the defect. This would directly conflict with § 2-725 (2), which provides that a cause of action accrues when breach of warranty occurs "regardless of the aggrieved party's lack of knowledge of the breach."
In the absence of a warranty explicitly extending to future performance, the cause of action here accrued on the date when tender of delivery occurred.
The terms as set forth in defendant's letter of December 15, 1965, and incorporated in paragraph 9 of plaintiff's purchase order dated December 28, 1965 provide for F.O.B. Precision plant. Plaintiff does not allege nor does it appear in any other respect that defendant assumed responsibility for installation or setup at plaintiff's plant. The court concludes that tender of delivery within the meaning of § 400.2-725 was complete by September 7, 1966 when the equipment was received at plaintiff's plant. This was more than four years prior to the commencement of this action.
Plaintiff maintains that even if the statute of limitations commenced to run on September 7, 1966, it was tolled while defendant attempted to repair the welder. There is no Missouri law on whether or not a seller's efforts at repair tolls the statute of limitations, and in Missouri the decision to toll the statute under a given set of facts is for the legislature. Missouri courts will not engraft exceptions upon specific statutes of limitation even on considerations of apparent hardship. Frazee v. Partney, 314 S.W.2d 915 (Mo.1958); Black v. City National Bank and Trust Company, 321 S.W.2d 477 (Mo.), cert. denied 360 U.S. 920, 79 S.Ct. 1439, 3 L.Ed.2d 1536, rehearing denied 361 U.S. 857, 80 S.Ct. 49, 4 L.Ed.2d 97 (1959). The court concludes that the four year limitations period provided by § 400.2-725 was not tolled under Missouri law by defendant's efforts to repair the welder.
The court finds and concludes that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. Summary judgment for defendant will be entered accordingly.
In view of the court's ruling, it is unnecessary to consider the additional grounds advanced by defendant in support of its motion.
NOTES
[1] Plaintiff cites Perry v. Augustine, 37 Pa.D. & C.2d 416, 17 A.L.R.3d 1149 (Mercer County, Pa.1965) and Hempfield Joint Area School Bldg. Authority v. Tectum Corp., 2 U.C.C. Reporting Service 518 (Westmoreland County, Pa.1965) in support of this argument.