**Andrea Joyce NICHOLS, Plaintiff-Appellant,**

**v.**

**ELI LILLY & CO., Defendant-Appellee.**

**No. 73–1038.**

United States Court of Appeals, Tenth Circuit.

Argued July 12, 1973.

Decided Aug. 15, 1974.

---

W. R. Cathcart, Oklahoma City, Okl. (Don Manners, Oklahoma City, Okl., on the brief), for plaintiff-appellant.

Logan J. Wilson, Kansas City, Mo. (Shook, Hardy, Mitchell & Bacon, Lane D. Bauer, Patrick McLarney, Kansas City, Mo., Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, V. P. Crowe, and Andrew M. Coats, Oklahoma City, Okl., on the brief), for defendant-appellee.

Before BREITENSTEIN, McWILLIAMS and BARRETT, Circuit Judges.

## ON REHEARING.

PER CURIAM.

This is a product liability case arising in Oklahoma with federal jurisdiction based on diversity. The issue is whether the statute of limitations bars the action.

Plaintiff-appellant claims personal injuries caused by birth control pills manufactured by defendant-appellee. She asserts breach of warranties of fitness and safety, and failure to warn of dangerous effects. The applicable Oklahoma statute of limitations governs. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 533, 69 S.Ct. 1233, 93 L.Ed. 1520, and Futura Music, Inc. v. Gates Radio Company, 10 Cir., 399 F.2d 308, 310. Plaintiff became aware of the injury in April 1968. The complaint was filed May 10, 1972. The trial court dismissed the action apparently because of the statutory bar.

In an opinion filed August 3, 1973, we noted that there was no controlling Oklahoma case and, with full recognition of the hazards of prophecy, decided that in Oklahoma a product liability case might be maintained under that state's version of the Uniform Commercial Code. Accordingly, on the theory that when doubt exists as to state determination of controlling legal principles, a federal court should apply the longest of the possible limitation periods, we held that the five-year statute found in 12A O.S. § 2–725 governed.

The petition for rehearing asserted that pertinent litigation was pending in the Oklahoma Supreme Court. To avoid the possibility of conflicting federal and state decisions, we held the petition in abeyance.

Oklahoma has now decided the issue. Kirkland v. General Motors Corp., Okl., 521 P.2d 1353, 1361, recognizes a cause of action in "Manufacturers' Products Liability," and says:

> "We are persuaded that the limitation period to be applied in products liability actions is two (2) years, 12 O.S.1971 § 95 'Third', for we recognize the tortious origin and nature of the single cause of action, * * *."

The court expressly rejects the applicability of the five-year statute, 12A O. S. § 2–725. Ibid. at 1361–1362. If anything more needed to be said, the court did so in O'Neal v. Black & Decker Manufacturing Company, Okl., 523 P.2d 614, 615, which refers to our first opinion,

now withdrawn, and says, 523 P.2d at 615:

"As we view the *Lilly* case, we believe the Federal Court was faced with the problem of anticipating what this Court would ultimately decide with reference to theories of recovery and that it could not have anticipated that this Court would merge implied warranty with manufacturers' product liability."

 The Oklahoma decisions control. The action is barred by the two-year statute, 12 O.S. § 95(3). We grant the petition for rehearing, withdraw the August 3, 1973, opinion, vacate the judgment entered thereon, and affirm the judgment of the district court.