**GLEN PECK, LTD., an Iowa corporation,**
**Plaintiff-Appellant,**

v.

Jerome L. **FRITSCHE,** d/b/a Rocky Mountain Cattle Breeders, and Alan Mein, d/b/a 4M Maine-Anjou, Defendants-Appellees.

**No. 80CA0839.**

Colorado Court of Appeals,
Div. III.

Dec. 31, 1981.

Rehearing Denied Jan. 28, 1982.

Certiorari Denied Sept. 20, 1982.

Jon R. Sell, Colorado Springs, for plaintiff-appellant.

Ross & O'Brien, P. C., Edward J. O'Brien, II, Colorado Springs, for defendants-appellees.

PIERCE, Judge.

In an action for damages for an alleged breach of an express warranty, buyer, Glen Peck, Ltd., appeals from a judgment entered in favor of sellers, Jerome L. Fritsche and Alan Mein. We reverse.

On January 12, 1979, buyer purchased a bull from defendant Fritsche at the National Maine-Anjou Bull Show sale conducted in Denver, Colorado. At that same sale, buyer purchased another bull from defendant Mein. The bulls were purchased and sold for the sole purpose of breeding.

The sales were governed by a brochure that stated in pertinent part:

"BREEDING GUARANTEE: BULLS— Should any bull Fourteen (14) months of age or over, fail to prove a breeder after being used on cows known to be breeders, the matter shall be reported in writing to the seller within six (6) months following date of purchase or six (6) months after the bull has reached 14 months of age. The seller will then have the right and privilege of 6 months to prove the bull a breeder . . . .

"CONTRACT: The above terms and guarantee shall constitute a contract between the buyer and the seller of each animal sold."

Following the sale, buyer had the bulls shipped by truck to his farm in Iowa where they were fed and kept under good conditions. On June 12, 1979, each bull's semen was tested, and the bulls were found to be sterile. The parties stipulated that the buyer notified the sellers of an alleged breach of the contract. Trial was to the court which found that both Iowa and Colorado trade practices and the sales contract contemplated replacement or refund if a bull sold for breeding was sterile.

In a finding not challenged by either party, the trial court found that the brochure language contained an express warranty under § 4–2–313(1)(a), C.R.S. 1973, that the bulls were fit for breeding. *See Young & Cooper, Inc. v. Vestring,* 214 Kan. 311, 521 P.2d 281 (1974). Buyer argues, however, that the trial court erred in concluding as a matter of law that there was no breach of warranty because the express warranty did not "explicitly extend to a future performance" so that any breach would have to occur at the time of purchase and that no breach did occur since there was evidence that tended to establish that both bulls were breeders on the date of sale. We agree with buyer.

Section 4–2–725(2), C.R.S. 1973, states in pertinent part:

"A breach of warranty occurs when tender of delivery is made; except, that where a warranty explicitly extends to

future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered."

Ordinarily, whether an express warranty has been breached is a question for the trier of fact. *Stroh v. American Recreation & Mobile Home Corp.,* 35 Colo.App. 196, 530 P.2d 989 (1975). Yet the trial court here concluded as a matter of law that § 4–2–725(2) did not apply. This conclusion was erroneous, and we hold that the express warranty here extended explicitly to future performance.

Normally, a cause of action for the breach of either an express warranty or an implied warranty accrues at the time of purchase of the goods. *Prutch v. Ford Motor Co.,* Colo., 618 P.2d 657 (1980). The express warranty here, however, was prospective. *See Rempe v. General Electric Co.,* 28 Conn.Sup. 160, 254 A.2d 577 (1969); *Mittasch v. Seal Lock Burial Vault, Inc.,* 42 A.D.2d 573, 344 N.Y.S.2d 101 (1973). The warranty promised the performance of the bulls as breeders, not only at the moment of purchase but at some future date as well, namely, "after being used on cows known to be breeders." *See J. White & R. Summers, Uniform Commercial Code* § 11–9 at 420 (2d ed. 1980).

The warranty was also "explicit." It was adequately stated so that there was no doubt as to its meaning. *Harney v. Spellman,* 113 Ill.App.2d 463, 251 N.E.2d 265 (1969); *Rutland v. Swift Chemical Co.,* 351 So.2d 324 (Miss.1977).

The parties do not dispute that the bulls were found sterile within the six month provision. Therefore, the breach was discovered within the time of performance as provided under § 4–2–725(2). Finally, the parties stipulated that the buyer notified seller of the breach of the express warranty which is construed to be the revocation of acceptance needed under § 4–2–608, C.R.S. 1973 (Official Comment No. 5).

The only question remaining then is the amount of damages. The trial court, as

the trier of fact, must determine this issue. *See Hotchkiss v. Preble,* 33 Colo.App. 431, 521 P.2d 1278 (1974).

The judgment is reversed and the cause is remanded for determination of damages and entry of judgment for plaintiff.

BERMAN and SMITH, JJ., concur.