Gertie WITHERSPOON, Plaintiff,

v.

GENERAL MOTORS CORPORATION,
Defendant.

No. 78–0979–CV–W–8.

United States District Court,
W. D. Missouri, W. D.

Feb. 17, 1982.
As Amended March 3, 1982.

J. Roger Irvin, Adrian, Mo., for plaintiff.

Thomas O. Baker, Watson, Ess, Marshall & Enggas, Kansas City, Mo., for defendant.

## ORDER

·STEVENS, District Judge.

In this action for personal injuries, plaintiff alleges negligence and breach of implied warranty in the manufacture of an automobile which she purchased March 13, 1973. Plaintiff alleges that on November 18, 1973, the transmission slipped into gear causing the automobile to run over her, resulting in severe injuries. Plaintiff originally filed this action in the Circuit Court of Bates County, Missouri, on November 10, 1978. Defendant filed a notice of removal to this court on December 5, 1978. The case is now set for trial on the accelerated civil docket in March, 1982.

Currently pending before the court is defendant's "Motion for Judgment on the Pleadings on Plaintiff's Claim Alleging Breach of Warranty," filed May 20, 1981. Plaintiff has not responded to the motion.

Defendant's position can be summarized as follows: assuming *arguendo* that defendant extended an implied warranty to plaintiff, the action for breach of warranty is barred by the applicable statute of limitations. According to V.A.M.S. § 400.2–725(1) (West 1965), "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." Subsection 2 further states:

A cause of action accrues when the breach occurs, regardless of the aggrieved

party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

*Id.* § 400.2–725(2). Defendant points out that the suit was filed November 10, 1978, which is more than five years after plaintiff purchased the automobile on March 13, 1973.

Plaintiff has not favored the court with suggestions in opposition, and defendant's motion has some initial appeal; however, the court's own research has revealed a division of authority on the applicability of the Uniform Commercial Code's 4-year limitations period in implied warranty claims involving personal injuries. *See* cases cited in 17 A.L.R.2d 1010 at § 60[b] (1968 & Supp.1981). *See also* T. Quinn, Uniform Commercial Code Commentary and Law Digest ¶ 2–725[A][5] (1978 & Cum.Supp.1980).

There is only a handful of reported cases construing V.A.M.S. § 400.2–725 (West 1965) and none involve a suit for personal injuries. *Clevenger & Wright Co. v. A. O. Smith Harvestore Products, Inc.*, 625 S.W.2d 906 (Mo.App.1981) (grain storage silo destroyed by tornado); *Chase Resorts, Inc. v. Johns-Manville Corp.*, 476 F.Supp. 633 (E.D.Mo.1979), *aff'd*, 620 F.2d 203 (8th Cir. 1980) (defective lawn sprinkling system); *Steele v. Belmont Trailer Sales, Inc.*, 445 F.Supp. 53 (E.D.Mo.1977) (defective mobile home); *Binkley Co. v. Teledyne Mid-America Corp.*, 333 F.Supp. 1183 (E.D.Mo. 1971), *aff'd*, 460 F.2d 276 (8th Cir. 1972) (welding equipment failed to perform as specified). *Payne v. Far-Mar-Co.*, 612 S.W.2d 54 (Mo.App.1981), the first state court opinion on the subject, involved nonpayment of money due under a written contract for sale of soybeans. The court held section 400.2–725 was applicable, explaining that "[w]hat the Legislature has here done is to carve out of § 516.110 a special statute of limitations relating to a

contract for the sale of goods from the former general limitation of ten years within which actions must be brought on writings for the payment of money or property." *Id.* at 55. Because the issue was not presented on the facts before it, the court remained silent on whether section 400.2–725 affected section 516.120, which provides a 5-year limitations period "for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated." V.A.M.S. § 516.120 (West 1952).

The court is thus squarely faced with the following issue, not heretofore decided by a Missouri state court in any reported decision: in an action for personal injuries alleging breach of implied warranty in the sale of a product, would the courts of Missouri apply the 4-year limitations period of the Uniform Commercial Code or the 5-year limitations period contained in section 516.-120?

"The period of limitations which bars a personal action depends upon when the cause accrues [§ 516.100] and the nature of the action [§§ 516.120 through 516.370]." *Rebel v. Big Tarkio Drainage District*, 602 S.W.2d 787, 790 (Mo.App.1980) (per Shangler, P. J.). A review of plaintiff's Petition for Damages originally filed in state court in the case at bar discloses that the cause is pleaded in one count without clear demarcation among theories of recovery. Although inartfully phrased, paragraph 4 states:

> 4. Defendant's implied warranty that said automobile was reasonably fit for the general purpose for which it was manufactured and sold, namely, for use as a passenger automobile, and Plaintiff relied upon such warranties in purchasing said automobile.

However, paragraphs 8 and 9 blend warranty and negligence theories:

> 8. Defendant was negligent as to Plaintiff in that the Defendant corporation caused or permitted said automobile to be manufactured and assembled with a defective transmission and transmission linkage.

9. By reason of the breach of warranty and as a direct and proximate cause of the negligence of Defendant, the accident caused thereby, Plaintiff sustained injuries.

In evaluating the nature of the action pleaded, this court is guided by a consistent line of Missouri cases holding "[t]he liability imposed for breach of an implied warranty is of 'tort nature' and, in Missouri, the difference between 'strict liability' or 'implied warranty' is not one of substance. Implied warranties of 'merchantable quality' and 'reasonable fitness for use' are derived from the common law." *Matulunas v. Baker,* 569 S.W.2d 791, 794 (Mo.App.1978). In *Keener v. Dayton Electric Manufacturing Co.,* 445 S.W.2d 362, 368 (Mo.1969), an action for wrongful death caused by an allegedly defective sump pump, the Missouri Supreme Court adopted a commentator's language which stated: "Whether the words 'strict liability' or 'implied warranty' or both combined are used, the difference in Missouri would not be one of substance since our courts are clearly recognizing the tort nature of the liability imposed." *Id.* at 364. "A products liability case is now considered to be tortious and any recovery is really in tort." *State ex rel. Apco Oil Corp. v. Turpin,* 490 S.W.2d 400, 405 (Mo.App. 1973). *See also Crowder v. Vandendeale,* 564 S.W.2d 879, 881 (Mo.1978) (unanimous en banc opinion).*

The court therefore concludes that a Missouri state court would judge the timeliness of plaintiff's suit by section 516.120 and not by section 400.2–725 and that such is the result that should be reached here. In the context of personal injury litigation involving defective products, a number of courts around the country have likewise applied the local statute of limitations for torts instead of the 4-year period prescribed by the U.C.C. *See, e.g., Heavner v. Uniroyal,*

*Inc.,* 63 N.J. 130, 305 A.2d 412, 418–27 (1973); *Nichols v. Eli Lilly & Co.,* 501 F.2d 392 (10th Cir. 1974) (applying controlling Oklahoma precedent); *Tyler v. R.R. Street & Co.,* 322 F.Supp. 541, 543 (E.D.Va.1971) (applying Virginia law) ("Therefore, the wrong alleged, not the form of the action, is what counts in the measurement and application of the appropriate limitation."). *But see, e.g., Redfield v. Mead, Johnson & Co.,* 266 Or. 273, 512 P.2d 776 (1973); *Reid v. Volkswagen of America, Inc.,* 512 F.2d 1294 (6th Cir. 1975), *appeal after remand,* 575 F.2d 1175 (6th Cir. 1978) (applying Michigan law; tort statute of limitations ultimately applied). Note that in some states, the tort limitations period is shorter than four years, a fact which may explain in part why some courts opted for the longer U.C.C. limitations period. *See Reid,* 512 F.2d at 1297 and 575 F.2d at 1176; *Nichols,* 501 F.2d at 393.

This court is fully aware that the result reached here may ultimately be repudiated should the issue arise before a state court. *See Nichols,* 501 F.2d at 393–94. Although this court is by no means the final authority on questions of Missouri law, the court has been guided by two considerations. Of primary importance are the above-cited Missouri cases holding that an action for breach of implied warranty is tortious in nature. This court has also concluded that any doubt as to the applicable statute of limitations should be resolved in favor of the longer period of limitation. "[W]hen doubt exists as to state determination of controlling legal principles, a federal court should apply the longest of the possible limitation periods . . . ." *Id.* at 393. *Accord, Reid,* 512 F.2d at 1297.

The court has considered the impact of V.A.M.S. § 516.300 (West 1952) on the issue raised here. It states: "The provisions of

---

* In an analogous context, "[u]nder Missouri law, the trend appears to favor the theory that a tort action arising from a breach of contract may be brought only if the duty owed is superimposed by operation of law as an incident of the relationship between the parties rather than the contract." *General Dynamics Corp. v. Selb Manufacturing Co.,* 481 F.2d 1204, 1216 (8th Cir. 1973), *cert. denied,* 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974). By operation of law, V.A.M.S. § 400.2–314 (West 1965) superimposes a warranty of merchantability on a contract for the sale of goods by a merchant; therefore, it is not unreasonable to classify a personal injury action for breach of implied warranty as a cause of action sounding in tort.

sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute." Since the court believes that section 400.2–725 does not apply to warranty actions for personal injuries, the instant case is not an action "otherwise limited by any statute"; therefore, section 516.300 is inapposite.

The court has also scrutinized the "Missouri Code Comment" to section 400.2–725 in the annotated code, which states in part: "Section 516.300, V.A.M.S., recognizes the ability of special statutes such as this to take certain classes of cases out of the general limitation statutes. Cases arising out of sales will be governed by this section rather than §§ 516.100 to 516.370, V.A.M.S." The phrase "[c]ases arising out of sales" is too broad to be of assistance in resolving the narrower issue here presented; moreover, this court is not bound by editorial commentary prepared by a private commercial publisher. *See* 20A V.A.M.S. at IV (West 1965).

■ It remains for the court to determine if plaintiff's warranty claim is timely under section 516.120. "In determining whether an applicable statute of limitation bars recovery, it is necessary to establish when that cause of action accrued." *Jepson v. Stubbs*, 555 S.W.2d 307, 311 (Mo.1977). According to V.A.M.S. § 516.100, "the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment ...." *See generally Davis v. Laclede Gas Co.*, 603 S.W.2d 554, 555 (Mo.1980). It is readily apparent that the statute of limitations began to run from the time of the injury, November 18, 1973. Plaintiff filed this action on November 10, 1978, which is within the 5-year period of limitation prescribed by section 516.120.

The conclusion follows and this court holds that plaintiff's action for breach of implied warranty was timely asserted. It is therefore

ORDERED that defendant's Motion for Judgment on the Pleadings is denied.