652 F.Supp. 1350 (1987)
Barry HUGHES, et al., Plaintiffs,
v.
BALEMASTER, INC., et al., Defendants.
No. 86-1279C(6).
United States District Court, E.D. Missouri.
February 3, 1987.
James E. Hullverson, Jr., Hullverson, Hullverson & Frank, St. Louis, Mo., for plaintiffs.
Gary L. Mayes, Harry W. Wellford, Jr., Thompson & Mitchell, St. Louis, Mo., for defendant Procter & Gamble.
John A. Michener, Evans & Dixon, St. Louis, Mo., for defender Industries.
*1351 Peter B. Hoffman, Kortenhof & Ely, St. Louis, Mo., for third party defendant East Chicago Mach. Tool Corp.
Joseph H. Mueller, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, Mo., for third party defendant & fourth party plaintiff Schermerhorn Bros. Co.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on third-party defendants East Chicago Machine Tool Corp.'s (East Chicago) motions to dismiss third-party plaintiff Procter & Gamble Paper Products Co.'s (Procter & Gamble) third-party complaint against it.
In this products liability action filed May 15, 1986, plaintiff Barry Hughes alleges that he sustained injuries on February 18, 1985 while operating a bailing machine at defendant Procter & Gamble's plant in Cape Girardeau, Missouri. Hughes was an employee of Defender Industries, which had contracted with Procter & Gamble to bail and package products manufactured by Procter & Gamble. Procter & Gamble furnished the bailing machines and the bailing wire to be used by Defender Industries employees, including plaintiff, at its plant. The bailing machine was manufactured and sold to Procter & Gamble by defendant Balemaster Inc., an Indiana corporation.
The complaint alleges that the bailing machine and the wire were defective, and seeks damages from Procter & Gamble for negligence in providing unsafe applicances and against Balemaster, Inc. in strict liability and for breach of implied and express warranties. By third-party complaints Procter & Gamble seeks indemnification and/or contribution against (1) Schermerhorn Bros. Co., the wire supplier, (2) East Chicago Machine Tool Corp. (East Chicago), the parent of Balemaster, Inc., and also an Indiana corporation, and (3) Defender Industries. Procter & Gamble also seeks contribution and/or indemnification against Balemaster, Inc. by cross-claim.

East Chicago's motion to dismiss for lack of personal jurisdiction
East Chicago, an Indiana corporation, argues that this Court's personal jurisdiction over it does not comport with the due process requirements of the fourteenth amendment. It is clear that the complaint alleges an act enumerated in Missouri's long-arm statute, Mo.Rev.Stat. § 506.500.1(3) (1982), see State ex rel. Apco Oil Corp. v. Turpin, 490 S.W.2d 400 (Mo.Ct. App.1973) ("commission of tortious act within the state" includes extraterritorial acts that produce actionable wrongs in Missouri), and that this statute extends jurisdiction over non-resident defendants to the limits allowed under the due process clause. See State ex rel. Metal Service Center of Georgia, Inc. v. Gaertner, 677 S.W.2d 325 (Mo.1984) (en banc).
Due process requires that a non-resident defendant have such "minimum contacts" with the forum that exercise of jurisdiction over him does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 159, 66 L.Ed. 95 (1945). The defendant's contacts with the forum must be purposeful and such that he "should reasonably anticipate being haled into court there." World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) ("fortuitous circumstance" that automobile sold in New York by a New York wholesaler to New York residents was involved in an accident while passing through Oklahoma did not constitute minimum contacts to permit Oklahoma courts to exercise jurisdiction over New York wholesaler); The Land-O-Nod Co. v. Basset Furniture Industries, Inc., 708 F.2d 1338 (8th Cir.1983) (Minnesota courts could not exercise jurisdiction over a foreign manufacturer in trademark infringement case where no allegedly infringing products were sold in Minnesota).
When, however, a non-resident defendant purposely directs its activities to the forum, and the litigation results from alleged injuries that arise out of or relate *1352 to those activities, the forum may assert personal jurisdiction over the defendant. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); Dudley v. Dittmer, 795 F.2d 669, 672 (8th Cir.1986).
While the facts adduced in a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction must be viewed in the light most favorable to the party opposing the motion, there must nonetheless be some evidence upon which a prima facie showing of jurisdiction may be found to exist, thereby casting the burden upon the moving party to demonstrate a lack of personal jurisdiction. Once jurisdiction has been controverted or denied, [the plaintiff has] the burden of proving such facts.

Scullin Steel Co. v. National Railway Utilization Corp., 676 F.2d 309, 311 (8th Cir.1982).
In support of its motion to dismiss, East Chicago asserts by affidavit that it is not licensed to do business in Missouri, that it maintains no permanent facilities and no employees with permanent residence in Missouri, that it conducts no advertising in Missouri, and that it does not receive a substantial amount of business income from Missouri. The affidavit further states that negotiations for the sale, as well as the sale itself of the subject machine, took place in Ohio "for delivery to Procter & Gamble in care of Fruin-Colnon Corp. in Neelys Landing, Missouri." Finally the affidavit asserts that transportation of the machine was by a common carrier, and not by East Chicago, and that no employee of East Chicago assisted in the installation of the machine in Missouri.
This affidavit does not negate that East Chicago sold its allegedly defective product to Procter & Gamble for delivery to Missouri. Thus, unlike Worldwide Volkswagen v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490, this case does not involve the sale of a product which ultimately reached the forum by mere fortuity. Accordingly the Court concludes that Procter & Gamble has met its burden of establishing sufficient jurisdictional facts to permit this Court's exercise of personal jurisdiction over East Chicago. See Meyers v. Johns-Manville Sales Corp., ___ F.Supp. ___, No. 81-918C(1) (E.D.Mo. Sept. 9, 1986) [available on WESTLAW, DCTU database] (order denying motion to dismiss for lack of personal jurisdiction) (delivery by non-resident corporation of its allegedly injury-causing asbestos to Missouri satisfies minimum contacts requirement). The assertion that actual transportation of the bailing machine was by common carrier is irrelevant to this determination. East Chicago's motion to quash service of process and dismiss for lack of personal jurisdiction is denied.

East Chicago's motion to dismiss warranty claims due to the statute of limitations
East Chicago asserts that the subject machine was sold to Procter & Gamble in 1979 and argues that any claims for breach of express and implied warranties accrued on that date and are time barred by the four year period of limitations prescribed in the Missouri Commercial Code, Mo.Rev.Stat. § 400.2-725. Plaintiffs and Procter & Gamble argue that the warranty claims are governed by the five year limitations period contained in Mo.Rev.Stat. § 516.120 and that these claims accrued on the date of the injury, not the date of the sale of the machine. This issue has previously been decided against East Chicago's position in Arst v. Max Barken, Inc., 655 S.W.2d 845 (Mo.Ct.App.1983), and Witherspoon v. General Motors Corp., 535 F.Supp. 432 (W.D.Mo.1982).
Accordingly, East Chicago's motion to dismiss the warranty claims due to the statute of limitations is denied.